MARTHA LEFFINGWELL, Respondent, *v.* DAILY MIRROR, INC., Appellant.

First Department, June 16, 1939.

*Isidor E. Schlesinger* of counsel [*Henry J. Krinsky* with him on the brief], for the appellant.

*Sidney J. Ungar*, for the respondent.

GLENNON, J. This action was instituted for breaches of contracts and for fraud arising out of the purchase of certain lots located at North Shore Beach and Sound Beach, Long Island. Four causes of action are set forth in this, the third amended complaint. It is conceded by the plaintiff that she has had the benefit of an examination before trial for the purpose of framing a complaint, and in addition thereto she has been granted a discovery and inspection. We are at a loss to understand, therefore, why a proper pleading has not been drafted and served.

The action is a comparatively simple one. In her prayer for relief plaintiff seeks to recover the sum of $6,906, with interest

thereon from the 3d day of May, 1930. In her first cause of action she asserts that she has been damaged in the sum of $3,684. In her second cause of action she alleges the damages to be $1,710. In the third cause of action, wherein she realleges and repeats certain of the paragraphs contained in her second cause of action, she asserts that she has been damaged in the sum of $3,222. In the fourth cause of action she claims that she has been defrauded out of the sum of $1,200. It should be noted that in the second cause of action she sets forth that defendant refused to accept the balance on the purchase price of the lots involved therein, and as a consequence she asks for the return of the money paid on account thereof, whereas in the third cause of action she has alleged payment by her in full covering the identical property to which reference is made in the cause of action immediately preceding.

It is exceedingly difficult for one to understand exactly what plaintiff claims. It is quite apparent that the property referred to in the first, second and third causes of action was purchased on installment contracts and that in addition thereto plaintiff failed to make certain payments on the dates specified. In effect she asserts that she entered into oral agreements with the defendant extending her time to make payments on account of the purchase price. It seems to us that the plaintiff, instead of trying to forestall possible defenses, could have set forth a clear and concise statement of the facts upon which she relied to have a recovery.

Without quoting verbatim the allegations contained in the second and third paragraphs of the complaint, since they would be of interest to no one except the parties, it is sufficient to say that they do not make sense. In the second paragraph it is alleged in substance that on or about the 3d day of July, 1928, plaintiff entered into an oral contract with the defendant wherein and whereby she agreed to and did purchase and the defendant sold to her certain lots. In the third paragraph she sets forth that between the 3d day of July, 1928, and the 30th day of October, 1928, in accordance with the oral contracts, the plaintiff " executed, subscribed and delivered to the defendant eleven instruments in writing, offering to subscribe for said lots  *  *  *  referred to in paragraph ' 2 ' of this complaint and expressing the consideration and terms thereof as follows: " Then appear the various dates and a description of the property by lot numbers and finally it is alleged, " and at the same time duly tendered to the defendant a payment on account of the purchase price of plots or parcels of land herein referred to." The so-called consideration and terms thereof are not set forth in this paragraph. The purchase price of each lot is first mentioned in paragraph 5 of the complaint. If plaintiff entered into a series

of written contracts with the defendant covering the purchase of lots on different dates it should be a very simple matter to say so.

The fourth cause of action sounds in tort. It is exceedingly difficult to determine what the pleader had in mind in drafting this cause of action. It should be noted that plaintiff repeats and realleges each and every allegation contained in paragraphs " designated 1, 2, 3, 4, 5, 6, 8, 16, 17, 18, 19, 20, 21, 22, 23 and 24 of the second amended complaint." Needless to say, since the second amended complaint was superseded by the pleading now under review, the allegations contained in the paragraphs referred to would have to be incorporated in this complaint, if plaintiff desired to rely on them. The defendant should not be called upon to answer allegations in a former complaint unless they are set forth anew.

We do not feel it necessary, in fact we do not deem it proper, to attempt to draft a pleading for one of the parties to a litigation. If plaintiff has a cause or causes of action against the defendant, all she is required to do in her pleading is to set forth " a plain and concise statement of the material facts, without unnecessary repetition" (Civ. Prac. Act, § 241), on which she relies.

The order so far as appealed from should be reversed, with twenty dollars costs and disbursements, and the motion to dismiss the third amended complaint granted, with leave to the plaintiff to serve a fourth amended complaint within twenty days after service of a copy of the order to be entered hereon, with notice of entry thereof, upon payment of said costs.

MARTIN, P. J., O'MALLEY, TOWNLEY and DORE, JJ., concur.

Order so far as appealed from unanimously reversed, with twenty dollars costs and disbursements, and the motion to dismiss the third amended complaint granted, with leave to the plaintiff to serve a fourth amended complaint within twenty days after service of a copy of the order with notice of entry thereof, on payment of said costs.