WINTHROP PRODUCTS CORPORATION et al., Appellants, *v.* BERNARD DAMSKY et al., Respondents.

*Per Curiam.* The complaint in this action seeks damages for breach of warranties contained in a contract whereby the defendant corporation sold its assets and business to the plaintiff corporation. As a " first separate and distinct defense, and as a first counterclaim ", defendants alleged in their answer that the warranties sued upon were not intended to be binding on defendants but were included only for the purpose of complying with the Bulk Sales Law, and defendants demanded judgment dismissing the complaint, reforming or construing the contract as they contended it was intended, and for judgment against plaintiffs for $110,000 upon the claim that the stock which they had received from plaintiffs in exchange for the business transferred had been rendered valueless by plaintiffs' mismanagement.

A separate trial was directed and held on the issue of reformation tendered by the counterclaim, and the issue was resolved against defendants. In the judgment rendered after that trial, plaintiffs sought unsuccessfully to have the defense and counterclaim in its entirety dismissed, the court holding that its jurisdiction was limited to an adjudication of an issue of reformation. Plaintiffs thereupon moved for summary judgment dismissing the first separate defense and counterclaim, and this motion was denied, the court holding that while the facts alleged in the defense and counterclaim could no longer be asserted as a counterclaim, they might still be asserted as a defense.

We reach the conclusion that the motion should have been granted and the defense and counterclaim based on defendants' claim that the written contract did not accord with the parties' intention should have been dismissed for all purposes. There was no separation of the defense and counterclaim in the answer and nothing affirmative asked on the basis of the reformation requested. All that was sought by the defense and counterclaim was to defeat plaintiffs' suit on the warranties. The facts are the same with respect to the defense or

counterclaim and the adjudication of those facts must be dispositive of the issue whether tendered as a defense or counterclaim. Defendants tendered the issue of reformation, presumably as essential to its defense, and should be bound by the determination thereof for all purposes.

The order appealed from should be reversed and the motion granted, with costs to appellants.

Peck, P. J., Dore, Cohn, Callahan and Botein, JJ., concur.

Order unanimously reversed, with $20 costs and disbursements to the appellants, and the motion granted.