Matthew M. Levy, J.
Having pleaded res judicata as an affirmative defense to the first canse of action alleged in the plaintiff’s amended complaint and to the cross claim against it set forth in the answer of the impleaded defendant, the defendant moves before me for summary judgment dismissing that cause and claim upon the ground of prior adjudication.
I think I should say that at least seven individual nisi prius Justices of our court have been called upon to pass upon various motions in this one litigation, with all that that means in repetitive expenditure of time and energy to present and to study the matter de novo on each application. This observation causes me to wonder whether a survey might not profitably be made of *674 the method of administration of judicial business as conducted in certain spheres in this court and in some other jurisdictions — that is, assigning to one Justice of the court the responsibility of hearing and resolving all or nearly all litigated issues in any specific case, from genesis to exodus. For that plan or a modification of it may perhaps be the most effective, expeditious and desirable method of disposing of judicial business in many types of commercial and tort actions, at least during these days of litigation congestion and indigestion in our metropolitan court. Be that as it may, it is certainly not always a simple matter (particularly under our practice of using short-form orders on litigated motions) to ascertain precisely what it was that another Judge has definitively determined, but we must do the best we can — and (unhappily and hopefully enough) let errors if any be corrected by subsequent proceedings or by appeal (cf. Winthrop Prods. Corp. v. Damsky, 119 N. Y. S. 2d 235, revd. 282 App. Div. 1016).
The cause of action in the plaintiff’s complaint and the cross claim in the impleaded defendant’s answer — sought to be dismissed— are based on a written contract, dated November 23, 1951, made between the plaintiff, the defendant and the impleaded defendant. It is a single contract, providing for employment of the plaintiff by the defendant, for the purchase by the defendant of the stock of the defendant (a corporation) held by the impleaded defendant, and for arbitration of disputes. The plaintiff sued initially for breach by the defendant of the employment contract. The original complaint contained this cause of action only. In its answer, the defendant pleaded several counterclaims against the plaintiff and the impleaded defendant, seeking (among other things) a declaration that the contract is null and void. The impleaded defendant in its answer cross-claimed to compel the defendant specifically to perform the agreement to purchase the stock in the defendant owned by the impleaded defendant. On the basis of the clause in the contract providing for arbitration, the impleaded defendant duly moved to stay proceedings in the action on the part of the defendant and to compel arbitration. The defendant thereupon moved to join the plaintiff as a party to the arbitration. The applications resulted in the framing of an issue for trial as between the defendant and the impleaded defendant, but my learned colleague then presiding at Special Term refused to join the plaintiff as a party thereto. On appeal, the order was modified, the plaintiff was added as a party to the matter in controversy, and the issue as finally framed for trial was: ‘ ‘ Was the agreement which plaintiff, defendant and the impleaded defend *675 ant executed on or about November 23, 1951, validly made and is it now existing? ”
That issue was duly tried and the jury rendered a negative verdict, and a motion to set aside the verdict was denied. At this posture, the defendant (believing that proceedings in the action were stayed) moved for vacatur of the stay, for denial of the application to direct arbitration, and for direction to the impleaded defendant to answer the counterclaims set forth in the defendant’s amended answer. On that motion the learned Justice at Special Term (in a short form order dated June 25, 1953) held that “ there exists no agreement to arbitrate, and the case therefore must proceed to trial. Accordingly, the motion by defendant is granted to the extent that the [original] motion of the impleaded defendant for an order directing arbitration to proceed is denied ”. Thus, as I see it, by the order of June 25, 1953, the arbitration proceeding appeared to have come to a final, definitive, adjudicated conclusion.
Thereafter the pleadings were amended. The plaintiff realleged as his first cause of action his claim as based upon the alleged contract of November 23,1951, and, in addition, a second cause of action seeking recovery upon the allegation of a separate and different employment contract. In its amended answer to the amended complaint, and in its reply to the cross claim of the impleaded defendant, the defendant alleged the prior adjudication as an affirmative defense to the first cause of action and to the cross claim respectively — and it is this adjudication upon which the present motions for summary judgment are based. The defendant alleged in this defense (and the replies of the plaintiff and the impleaded defendant failed to deny) that the order of June 25, 1953 was duly served and that the time to appeal therefrom has expired.
The plaintiff argues in opposition that the defendant sought and received no relief against him and that no final appealable order or judgment has been made adjudicating the issue of the existence or nonexistence of the contract as between the plaintiff and the defendant. The impleaded defendant also urges that there was no order or judgment entered on the jury’s verdict from which she might appeal. In my view, the contentions are without merit. Joinder of the plaintiff as a party to the issue as framed and decided (by the order of the Appellate Division) would have been futile were the order finally determining the proceeding to compel arbitration without effect upon him. The issue was heard fully, and the plaintiff as well as the impleaded defendant participated fully. The motion of the impleaded defendant to compel arbitration, the relief sought by defendant *676 on its application to join the plaintiff as a party, the relief sought and granted on the appeal and on the defendant’s motion to deny the application for arbitration, tendered directly the question whether the plaintiff had a valid and subsisting agreement of employment as alleged in the first cause of action set forth in the complaint, and whether there was a binding contract under which defendant was obligated to purchase the corporate stock from the impleaded defendant, as alleged in her answer. And the final order in the arbitration proceeding was made upon an application on notice to the impleaded defendant and the plaintiff, and was opposed by the latter. This is not a case, as claimed by the respondents, where there was merely a jury’s verdict, suspended without judicial follow-up, as was the situation in Springer v. Bien (128 N. Y. 99) and in Marx v. Commerce Realty Corp. (199 Misc. 384, affd. 279 App. Div. 562).
Whatever may be said of the form in, or the course by, which the controversy and disputes have reached me, it is the substance to which I think I must look; and the substance, clear and final, is embodied, adequately enough for me, in the order of June 25, 1953. That order determined that “ there exists no agreement ” between the parties (as was claimed in the first cause of action and in the cross claim) —for, if there were “ an agreement ”, there would have been (by its very terms) “ an agreement to arbitrate ”. And if there were an “ agreement to arbitrate ”, ‘ ‘ the motion of the impleaded defendant for an order directing arbitration to proceed ’ ’ would have been granted, and the case would not have been compelled to “ proceed to trial ”. It remained merely for the impleaded defendant to serve her answer to the third-party complaint, so that the action with respect to other issues — such as the second cause of action alleged in the complaint — might proceed.
In sum, I hold that, as a result of all prior proceedings and upon the basis of the present submission, the plea to the first cause of action and to the cross claim — of bar by prior adjudication — must be sustained. The motions are granted accordingly. Settle orders.