EVELYN HERSH, Respondent, *v.* HOME INSURANCE COMPANY et al., Appellants, et al., Defendants.

First Department, June 15, 1954.

*Samuel A. Berger* of counsel (*David A. Ticktin* with him on the brief; *Powers Kaplan & Berger,* attorneys), for appellants.

*Abraham Kaufman* for respondent.

*Per Curiam.* Defendant insurance companies appeal from an order of Special Term precluding them unconditionally from giving evidence as to their affirmative defenses because of their failure to furnish a bill of particulars. This is an action to recover $45,000 upon policies of fire insurance, in which defendants have interposed three affirmative defenses containing broad assertions of fraud and lack of insurable interest.

It is undisputed that after service of the demand herein plaintiff granted appellants an extension of four weeks in which to serve their bill. A month after the stipulated period had elapsed, and after making a number of fruitless telephone calls to defendants' lawyers in an effort to secure the bill, plaintiff moved for and obtained the preclusion order which is the subject of this appeal.

It is a revealing commentary on the Bar's indifference to the requirements of rule 115 of the Rules of Civil Practice, that defendants, in opposing this motion to preclude, made no attempt whatsoever to justify or even explain their default. They simply questioned seriatim the propriety of all but one of the items, just as though they had made a timely motion to modify the demand. However, rule 115 provides that such a motion must be made within five days after receipt of the demand; and it does not distinguish between failure to respect a demand or failure to respect an order for a bill of particulars in prescribing the discretionary penalty of preclusion.

We are aware that some lawyers regard a demand for a bill of particulars as an overture that can be disregarded, rather than as a legal process which may be flouted only at peril to a client's cause. These lawyers will pay no heed to a demand for a bill of particulars until a motion to preclude has been made. Without dwelling on the aspects of rudeness involved in this procedure, such behavior casts unnecessary burdens on

already overburdened courts and lawyers. However tolerant lawyers may be of each other's lapses, busy judges cannot view them with equal equanimity. Last year, in Supreme Court, New York County alone, 1,562 motions to preclude were processed — largely an unnecessary drain on already overtaxed resources.

The learned Justice at Special Term, during one term, granted several unconditional orders to preclude — in an evident effort to reverse this unprofessional trend before it grows into a pervasive practice. We appreciate the zeal and foresight that prompted these decisions. However, while the conduct of defendants' lawyers cannot be justified in a professional sense, we must recognize that they are attorneys of good repute who fell into this form of practice in company with a respectable portion of the Bar. Clearly there was no intention to overreach and take undue advantage of their adversaries; nor has the plaintiff been in anywise prejudiced. On the other hand, the preclusion order would probably deprive defendants of any effectual defense to this action. Under these circumstances, we believe that in the proper exercise of discretion defendants should be afforded an opportunity to cure their default. Obviously, we shall henceforth be less likely to regard the practice we here condemn as an element warranting favorable exercise of discretion.

The order of preclusion should be modified and the motion to preclude granted unless a bill of particulars will be furnished within ten days after a service of notice of entry of the order entered herein.

PECK, P. J., DORE, COHN, BASTOW and BOTEIN, JJ., concur.

Order unanimously modified so as to grant the motion to preclude unless a bill of particulars be furnished within ten days after service of a copy of this order, with notice of entry thereof and, as so modified, affirmed.