Inter County Painting Co., Inc., Appellant, *v.* 200 East End Ave. Corp., Respondent.

First Department, October 11, 1955.

*Leon E. Borden* for appellant.

*Henry A. Panoff* of counsel (*Hyman Grill,* attorney), for respondent.

*Per Curiam.* In *Hirsch* v. *Home Ins. Co.* (284 App. Div. 428) we dealt with the practice indulged in by some lawyers, of ignoring a demand for a bill of particulars and awaiting a motion to preclude before serving a bill or contesting the propriety of the demand. For the reasons stated we condemned such practice and said that henceforth we would be less likely to regard the practice as an element warranting the favorable exercise of discretion on applications to be relieved from defaults in responding to demands.

In the present case we have another instance of neglect to respond to a demand for a bill of particulars and an appeal from an order of preclusion. The circumstances of the case are not as aggravated as they were in *Hirsch* v. *Home Ins. Co.,* and considering the seriousness of the preclusion order to plaintiff's case, we are moved to modify the order appealed from to allow the furnishing of a bill of particulars in accordance with the demand within ten days after the service of the order of this court.

We do not take the default of plaintiff's counsel lightly, however, and wish to reinforce rather than retract from the statements made in our prior decision. This we do in this case through the medium of imposing costs.

The order appealed from should be modified to allow service of a bill of particulars in accordance with the demand within ten days after the service of the order of this court upon condition that plaintiff pays a full bill of costs of the case to date and costs upon this appeal of $50 and the disbursements of the respondent. Settle order.

PECK, P. J., COHN, BREITEL, BOTEIN and RABIN, JJ., concur.

Order unanimously modified in accordance with the opinion herein and, as so modified, affirmed.