Matthew M. Levy, J.
This is an action for wrongful death. Defendant Neff alleged as an affirmative defense that the accident was caused through the negligence of plaintiff’s intestate or through the negligence of some third person. Plaintiff demanded a bill of particulars as to the claimed acts of negligence of the deceased as well as to the alleged acts of negligence on the part of third persons. Defendant did not move with respect to the demand, but served a bill of particulars giving no more than general allegations and conclusions as to the negligence of plaintiff’s intestate or of the third persons, and reserved the right to prove negligence upon the trial either through plaintiff’s witnesses or through those of the codefendants. It would seem to me that the defendant should have moved with respect to the demand and not served an inadequate bill in purported compliance (Hersh v. Home Ins. Co., 284 App. Div. 428).
If I am to go into the merits at this time, I note that the state of the authorities is discussed in the opposing affidavits and very little statement of fact is given. This procedure is particularly objectionable, where (as is usual) the affidavit on the law is a part of the record, and the memorandum on the law is not. As to the general propriety of this, see Deutsch v. City of New York (200 Misc. 864, 865).
First, as to the plea of contributory negligence. From what is presented, it appears that plaintiff does not have knowledge of the facts surrounding the accident and that it may be that defendant does have some knowledge. In such event, plaintiff is entitled to the particulars sought (Murrain v. Wilson Line, 266 App. Div. 179). Defendant will not be prevented from developing the facts on cross-examination of plaintiff’s witnesses or from relying on what may be presented as proof by the codefendants or by way of cross-examination of their witnesses (cf. Simon v. Lowenthal, 169 Misc. 718, affd. sub nom. Simon v. Kapilow, N. Y. L. J., April 22, 1939, p. 1852, col. 7 [App. Term, 1st Dept.]). If defendant does not possess the information requested as to any specific item, it should so state in the bill under oath. ‘1 If, however, the defendant has evidence of its own which it contends will establish contributory negligence, in fairness and justice, the plaintiff should be advised thereof” (McGann v. Adler, 149 Misc. 745, 746, affd. 241 App. Div. 726). Under section 131 of the Decedent Estate Law, in an action for wrongful death, contributory negligence of the decedent is a defense to be pleaded and proven by the defendant, and in an appropriate case should be particularized.
*40 Secondly, as to the plea of the negligence of others. Of course, plaintiff still has the burden of proving defendant’s negligence, or she cannot recover against defendant (Klein v.. Long Is. R. R. Co., 199 Misc. 532, affd. 278 App. Div. 980, affd.. 303 N. Y. 807). And, under its denial, defendant may show that, it was not negligent, but that someone else’s negligence caused', the accident. But since defendant has seen fit to plead affirmatively what might have been included by way of the denial (i.e., that the accident resulted from “ the negligence of some-third person and not that of the defendant Neff ”), defendant is required to comply with the demand in that regard in the-same way as particulars have hereinbefore been directed as to the affirmative defense of contributory negligence of the decedent. (Cunard v. Francklyn, 111 N. Y. 511, 513-514; Goldberg v. National Sur. Co., 186 App. Div. 516, 517.)
The motion to preclude is granted unless within 10 days from the date of the service of a copy of the order hereon, with notice of entry, defendant serves a verified bill in compliance with this memorandum.