Matthew M. Levy, J.
Section 241 of the Civil Practice Act provides that “ [e]very pleading shall contain a plain and concise statement of the material facts, without unnecessary repetition, on which the party pleading relies, but not the evidence by which they are to be proved. ’ ’ Buie 103 of the Buies of Civil Practice provides that “ [i]f any matter, contained in a pleading, be sham, frivolous, irrelevant, redundant, repetitious, unnecessary, impertinent or scandalous or may tend to prejudice, embarrass or delay the fair trial of the action, the court may order such matter struck out, in which case the pleading will be deemed amended accordingly, or the court may order an amended pleading to be served omitting the objectionable matter.” Bach defendant moves against the amended complaint on the ground that it violates both the section and the rule, and on the further ground that the amended complaint as served did not conform with the leave previously granted by the court for such service — that is, that the new pleading must be “in compliance with the requirements of section 241, C. P. A. and Buie 103, B. C. P.”
The plaintiff’s amended complaint attempts to set forth a cause of action for damages for breach of contract against one defendant as a joint venturer, against another defendant for inducing the breach, and against both defendants for a wrongful conspiracy to deprive the plaintiff of his profits in the venture. The original complaint contained 68 paragraphs and the amended complaint contains 61 paragraphs. Comparison of the two pleadings shows that there is no substantial difference between them, although some few items of improper matter were eliminated when the complaint was amended. The amended complaint still contains, however, a mass of evidentiary matter, a multiplicity of minute, irrelevant, repetitious, redundant and unnecessary details. In many of its paragraphs it purports to give the substance of conferences among various parties and witnesses, describes in prolixity methods of transportation of the parties, means of communication, places of discussion, incidental conferences, and much other objectionable matter, too voluminous to set forth here at length. Suffice it to say that, in my view, the amended complaint comes squarely within the condemnation of the statute and the rule and the prior decision in this case. In the circumstances, this “ court should not be compelled to wade through [the 61 paragraphs of the pleading] to pick out an allegation here and there, which, pieced together with other statements taken from another part of the complaint, will state a cause of action ” or to make a more “ prolonged study [than I already have made] of a long, tiresome, *659 tedious, prolix, involved and loosely drawn complaint in an effort to save it ” (Isaacs v. Washougal Clothing Co., 233 App. Div. 568, 572). Nor shall I undertake, in these circumstances, to note for the record my selection from this mass of verbiage of the many allegations that have no place in the complaint. I shall, instead, strike the entire complaint and require the service of a properly amended pleading (Leffingwell v. Daily Mirror, 257 App. Div. 311; Tankoos v. Conford Realty Co., 248 App. Div. 614).
The necessity that the defendants find in having to make these motions addressed to the amended complaint in this case emphasizes— and from another angle — the value of the suggestion that I made in Silverman v. Rogers Imports (127 N. Y. S. 2d 896), which I am constrained to reiterate: “ I think I should say that at least seven individual nisi prius justices of our court have been called upon to pass upon various motions in this one litigation, with all that that means in repetitive expenditure of time and energy to present and to study the matter de novo on each application. This observation causes me to wonder whether a survey might not profitably be made of the method of administration of judicial business as conducted in certain spheres in this court and in some other jurisdictions — that is, assigning to one justice of the court the responsibility of hearing and resolving all or nearly all litigated issues in any specific case, from genesis to exodus. For that plan or a modification of it may perhaps be the most effective, expeditious and desirable method of disposing of judicial business in many types of commercial and tort actions, at least during these days of litigation congestion and indigestion in our metropolitan court.” It is my belief that if the plaintiff knew that the new pleading which he would serve pursuant to permission of the court would be screened by the very same judge who found the original complaint so wanting and so defective — the plaintiff would not have repeated the basic faults which resulted in the granting of the initial motion to strike.
In his memorandum in opposition to the motions, the plaintiff makes the point that “in an action for damages against a joint venturer for breach of contract, and a codefendant for inducing the breach, and against both of them for joining in a conspiracy to deprive the plaintiff of his profits of the joint venture, the complaint must be broad enough to contain essential allegations to set forth a cause of action and so that by the admissions or denials, the issues may be clearly defined for trial ”. This contention compels me to add one further comment — for the purpose, if possible, of seeking to save the *660 further unnecessary expenditure of time in this matter by counsel and court. Although neither defendant has raised the objection either on these or on the previous applications, the complaint appears objectionable upon the ground that it does not comply with the provisions of rule 90 of the Rules of Civil Practice — it fails separately to state and number the three causes of action therein that plaintiff may be attempting to set forth. The inducing of a breach of contract is in itself an actionable wrong, entirely separate from the cause of action for breach of contract (Hornstein v. Podwitz, 254 N. Y. 443; Campbell v. Gates, 236 N. Y. 457). Moreover, a conspiracy by the defendants to deprive a plaintiff of the profits to which he is legally entitled and the damage resulting from overt acts in pursuance thereof constitute a separate cause of action against both defendants (Bush v. Murray, 209 App. Div. 563; see, also, Jones v. Demuth Glass Works, 271 App. Div. 840). Perhaps when the plaintiff undertakes to draft a second amended complaint, it will be easier for him to comply with the law in respect of section 241 and rule 103 if he also keeps rule 90 in mind.
Each motion is granted with $10 costs, with leave to the plaintiff to serve a second amended complaint within 20 days after service of a copy of the order with notice of entry upon payment of the foregoing motion costs and $10 additional for such leave. Orders have been signed accordingly.