Matthew M. Levy, J.
This action is for breach of an employment contract. The instant motion is by plaintiff who seeks the following relief: (a) requiring defendant to serve a bill of particulars of paragraph 2 of defendant’s answer; (b) in the alternative, directing defendant to make the allegations of said paragraph more definite and certain; and (c) for an examina *963 tion of defendant before trial. Until the study suggested by Silverman v. Rogers Imports (4 Misc 2d 672) and Grobman v. Freiman (3 Misc 2d 656), is made, the bar may well proceed in this omnibus fashion — to save itself, at least — the unnecessary expenditure of excessive time and effort in isolated motions and duplicating procedures. The application is disposed of as follows:
That branch of the motion seeking a bill of particulars is denied. The paragraph of the answer with respect to which particulars are sought is not alleged as matter of affirmative defense. It purports to deny plaintiff’s general allegation of due performance — and the denial is set forth specifically and with particularity, in accordance with rule 92 of the Rules of Civil Practice. In fact and effect, paragraph 2 of the answer pinpoints a general denial, as is required (in an appropriate case) by rule 92 in pleading to a general allegation of due performance of a contract by a plaintiff. It is axiomatic that particulars may be demanded of the party having the burden of proof of the performance of the terms of the contract, which (in this type of case) rests upon plaintiff (Strader v. Collins, 280 App. Div. 582, 586). Rule 92 specifically indicates that the pleading of this kind of denial does not shift the burden of proof to defendant. It merely removes from plaintiff the duty of proving at the trial any act of performance required under the contract other than those specifically pleaded by defendant in its denial as not having béen duly performed. Moreover, where a denial in an answer is necessarily amplified by an affirmative statement of fact — not alleged as a distinct defense — a bill of particulars with respect thereto may not be obtained (Barreto v. Rothschild, 93 App. Div. 211). The cases cited by plaintiff to support its claim that it is entitled to the particulars sought are cases where justification was pleaded as matter of affirmative defense and are thus distinguishable. (See Quashnofsky v. Davies Bldg., 4 Misc 2d 38.)
That branch of the motion, in the alternative, seeking to make paragraph 2 of the answer more definite and certain, is denied. The application is made after the period prescribed therefor in rule 105 of the Rules of Civil Practice. Furthermore, I am of the opinion that the allegations attacked are sufficiently definite and certain to apprise plaintiff of their meaning and application.
That branch of the motion seeking an examination before trial is granted. The sole objection raised thereto is that plaintiff has moved for the examination instead of first proceeding by service of a notice in accordance with subdivision 9 of rule XI of the rules of this court. Defendant appears to have no objec *964 tion to the items noted for the examination or the personnel sought to be examined. Under the circumstances (although the preferable method of proceeding is that set forth in the rule referred to) no useful purpose would be served in denying the motion, and thus causing plaintiff to serve a notice to obtain the same examination, with added labors to adverse counsel to study the new paper. The examination is to proceed in pursuance (in other respects) of the notice of motion at Special Term, Part II, of this court, on November 20, 1956, at 10:00 a.m.
An order has been entered in accordance with the foregoing, disposing of each branch of the motion. Costs will not be allowed either party.