Matthew M. Levy, J.
In Ms complaint plaintiff sets forth two causes of action. In its answer, defendant, in addition to denials, pleaded five affirmative defenses to the first cause of action, four defenses to the second cause of action, and one counterclaim and offset (wMch was labeled in the answer as “ counterclaims and offsets to each and both alleged causes of action in the complaint ”). Plaintiff moved before Mr. Justice Lupiano with respect to defendant’s answer, invoMng rules 90, 102, 103 and 109 of the Rules of Civil Practice. The motion was granted to the extent of (1) dismissing the ‘1 counterclaims and offsets ”, without leave to replead, and judgment was directed thereon in favor of plaintiff against defendant, the action was severed, and plaintiff’s causes of action were continued as to all subsequent proceedings, as if said ‘ ‘ counterclaims and offsets ” had not been interposed; and (2) striking certain allegations and striking certain defenses, with leave to replead except as to certain parts of the answer. No appeal was taken from that order, and the time to do so has expired. Defendant served an amended answer within the time permitted by the order. Plaintiff immediately returned the amended answer on the ground that in many respects it did not comply with the leave granted in the order; and plaintiff now moves for judgment against defendant as by default in pleading, or, in the alternative, to strike out the amended answer.
Counsel have requested me to refer this motion to Mr. Justice Lupiano, whose earlier determination in tMs case is the basic prop for the instant application. There is, at present, neither *762 legal necessity nor judicial propriety in my so doing — at least, without the consent of my learned colleague. While I have long thought that a rule in that regard would be an effective aid in the accomplishment of the general desire for less duplication in time-consuming and expense-multiplying professional labors and in the prompt administration of the judicial process (Silverman v. Rogers Imports, 4 Misc 2d 672; Grobman v. Freiman, 3 Misc 2d 656), it is clear that under existing practice I should not impose upon my learned colleague the burden or responsibility of a determination of the present motion. Accordingly, the matter will be disposed of on the merits by me.
There is no doubt that in some respects the new pleading does not comply with, or exceeds, the leave granted. Because of that, considerable emphasis is placed by plaintiff on the fact that he promptly returned the amended answer, and that defendant had full opportunity to see the error of its ways and should have served a second amended answer. I am not impressed with the “ procedure of return ” in such a case. (See Anello v. Kuss, 4 Misc 2d 151.) However, plaintiff having here followed up his rejections by a motion to strike, that matter becomes unimportant.
Except for some immaterial change or an additional allegation, the counterclaim now set forth in the amended answer is the same as that pleaded in the original answer. Since that counterclaim was dimissed on the merits and since no permission to replead it was granted, the order with respect thereto is the law of the case (cf. Foley v. Equitable Life Assur. Soc., 263 App. Div. 605). The motion is granted, therefore, to the extent of striking the counterclaim, and the judgment entered in pursuance of the prior order remains.
Now, as to the effect of the order striking certain allegations and defenses. Considerable stress is placed by plaintiff upon the language of Judge Lupiano’s memorandum, in which specific defects in the answer were pointed out, and it is urged that when leave to replead was granted, those defects were to be corrected, and nothing else could be alleged in the amended answer. The order entered by Judge Lupiano does not so provide, and the order controls (Fisher v. Gould, 81 N. Y. 228, 230). In my view, the new pleading (except where leave to replead was not allowed) comes within the general scope of the permission granted — at least as against a motion (such as this) to grant judgment by ignoring the amended answer altogether or to strike the answer in its entirety and thus enable the entry of judgment. Permission to replead is generally granted so that the party may put his pleadings in such shape as will enable *763 him to raise and have determined every question affecting his interest involved in the subject matter of the litigation. Furthermore, leave to amend may be obtained not only as part of the order of dismissal but also upon an application after the dismissal of the cause of action or the striking of a defense (Deyo v. Morss, 144 N. Y. 216). By permitting the amended answer to remain at present, the defenses as alleged are not passed upon as to form or substance (Gillette v. Allen, 269 App. Div. 441; Lazarus v. Rice, 268 App. Div. 985, motion for leave to appeal denied 269 App. Div. 684).
The motion by plaintiff for judgment or to strike the amended answer is denied, but his application for other relief is granted to the extent of directing defendant, within 10 days after service of a copy of this order with notice of entry, to serve a second amended answer with paragraphs 58 through 62 (constituting the counterclaim hereinbefore referred to) deleted therefrom, and without prejudice to any motion plaintiff may be advised to make with respect to the appropriateness of any of the allegations therein contained or the sufficiency of any of the defenses therein pleaded.