Matthew M. Levy, J.
This is a cross motion by the plaintiff to preclude defendants for failure to serve a bill of particulars pursuant to demand dated February 9,1959. No bill was served; *106 no extension for service was granted; no motion was made to vacate or modify the demand. This cross motion to preclude was served October 15, 1959, returnable on October 20, 1959. By answering affidavit sworn to October 19, 1959, and submitted the next morning on the Motion Calendar Call, defendants say only and quite cavalierly that “ [a] copy of the defendants’ bid. of particulars has this day been served upon the plaintiff. It is respectfully requested that plaintiff’s motion to preclude be denied.”
This procedure should not be tolerated. The practice of ignoring the demand, and then merely serving a bill after a motion to preclude, has been condemned by the Appellate Division (Hersh v. Home Ins. Co., 284 App. Div. 428; Inter County Painting Co. v. 200 East End Ave. Corp., 286 App. Div. 482) and cannot be here condoned (cf. Quashnofsky v. Davies Bldg., 4 Misc 2d 38, 39). Moreover, the bill served so late cannot be examined by the adversary in time to ascertain whether it complies with the demand and whether the motion to preclude should be withdrawn or pressed. In the instant case, the bill seems to have been served by mail- — :which means that when the plaintiff appeared in court to answer the Motion Calendar Call, he knew nothing whatsoever about such service. Finally, the bill itself is not presented to the court, so there can be no judicial examination in order to determine whether there has been compliance with the demand.
In the circumstances, the plaintiff’s motion to preclude is granted, with $10 costs, but without prejudice to a motion by the defendants, upon payment of such costs, to be relieved of their default in the service of the bill.