Matthew M. Levy, J.
Three motions and one cross motion were submitted to or argued before me: Motion No. 121 of Octo *836 her 19, 1959 is an application by plaintiffs to extend their time within which to serve a bill of particulars pursuant to demand of defendant Linbay Realty Company. The cross motion thereon is to preclude plaintiffs. Motion No. 55 of October 22, 1959 is an application by defendant Dalecraft Realty Company to defer the date of its examination before trial by plaintiffs until after the determination of an appeal in a related matter. Motion No. 56 of October 22,1959 is an application by plaintiffs to vacate or postpone an examination of them by defendant Dalecraft.
I deemed it proper that I await the determination of the Appellate Division, and I so suggested on the argument. These decisions have now been rendered (9 A D 2d 749). My disposition of the motions pending before me is as follows:
No. 121: On a previous motion to vacate the Linbay demand for a bill of particulars, an order was made on July 22, 1959, directing plaintiffs to serve a bill within 30 days after service of a copy of the order. A copy of the order was served on July 28, 1959. I find nothing in the stipulation dated August 13, 1959, attached to the moving papers, and which grants the extension of time to serve the bill of particulars until October 1,1959, that makes such service of the bill contingent upon the prior examination of defendants by plaintiffs. The order is clear that the bill should be served before an examination is held. The stipulation is equally plain and unambiguous. The motion is therefore denied. The cross motion by defendant Linbay to preclude plaintiffs is granted unless plaintiffs serve the bill pursuant to demand within 10 days after service of a copy of this order, with notice of entry. (See New York County, Supreme Ct. Rules, Trial Term, rule XI, subd. 9.)
No. 55: The motion by defendant Dalecraft Realty Company to defer the date of examination before trial of said defendant until after the decision of the Appellate Division in reference to priority of examination is granted. That decision having been rendered, the parties should now proceed with the examination in accordance therewith.
No. 56: The motion by plaintiffs to vacate defendant Dale-craft’s notice to examine them before trial is granted in the alternative of postponing the commencement of the taking of such examination pursuant to the said notice until plaintiffs have completed examination of all of the defendants. The issue of priority is covered in the order of the Appellate Division, in which the same question concerning other defendants in this action was determined.
*837 On the motions which were argued, the question was raised orally as to whether plaintiffs are entitled to conduct the examination of the defendant Gliekman before trial on three separate occasions in view of the fact that he is in effect a defendant in this action in three separate capacities — individually, as a partner in defendant Dalecraft Realty Company, and as an officer of the several defendant corporations. As I stated on the argument, it would seem both just and appropriate for plaintiffs to examine Gliekman — as far as possible — “in one piece”, rather than require him to submit to inquiry in ‘ ‘ instalments ’ ’. This >vas one of the reasons I suggested on the argument that decision on the motions before me await determination of the appeals. The plaintiffs object to this procedure. If their view is adopted, the defendant Gliekman can in this case be required to submit to separate examinations at separate times, entirely at the pleasure of the plaintiffs, as follows:
(1) Gliekman as an individual defendant.
(2) Gliekman as a partner in defendant Dalecraft Realty Company.
(3) Gliekman as an officer of defendant Gliekman Corporation.
(4) Gliekman as an officer of defendant Gliekman Servicing, Inc.
(5) Gliekman as an officer of defendant Realty Appraisers, Inc.
And, indeed, as appears from the annexed correspondence, that is precisely what the plaintiffs propose to do. In my opinion, this procedure is not examination before trial; it is vexation before trial of the witness, of the litigants, and of the several counsel. Were this case on trial, and were Gliekman called to the witness stand by plaintiffs or defendants, it would be only upon good cause being shown that the trial court would permit or require the witness Gliekman to be shuttled back and forth to the stand on this day or that. The procedure should be no different before the trial.
However, any motions to avoid the present situation must now, under our practice, be addressed to the discretion of another Justice of this court assigned to Special Term, Part I — and my learned colleague must endeavor (if he agree with my views) so to fashion his orders as to co-ordinate his determinations with mine. Similarly, in respect of the motions before me, I should facilitate the plaintiffs’ full and complete pretrial examination of Gliekman, but, consistent with the limited sphere of the several applications now to be decided, and in consonance with the orders of the Appellate Division hereinbefore referred *838 to, I propose to avoid unnecessary harassment of all concerned, including those interested in due judicial administration. Insofar as feasible, therefore, I shall correlate my directives with those which may come later.
The respective orders which are to be settled on the last two motions herein disposed of will make appropriate provisions in that regard. On the settlement of such orders, I shall be pleased to receive written suggestions (after service thereof) as to the proposed specific procedure and any objections or alternatives thereto.
(This case, I suggest, is another example why the plan envisaged in Silverman v. Rogers Imports, 4 Misc 2d 672, 673-674, and Grobman v. Freiman, 3 Misc 2d 656, 659, should be adopted. It is plain that if one Justice of the court were able to control all of the intermediate motions in a cause, the present situation would not arise, or, at the least, its problems would be minimized.)
Settle orders.