■ FRANCES MENSH, Appellant, v. 12 BEEKMAN PLACE, INC., et al., Respondents.— Order reversed in the exercise of discretion and the motion to relieve plaintiff of the default in serving a bill of particulars is granted on condition plaintiff pays a full bill of costs of the case to date, the costs upon this appeal of $50 and the disbursements of the respondents. In *Hersh* v. *Home Ins. Co.* (284 App. Div. 428) we condemned the practice of some lawyers of ignoring a demand for a bill of particulars until a motion to preclude was made. We then gave a stern warning that future reliance upon such lax practice might result in the condign consequence of a preclusion. (See, also, *Paris* v. *Poticha*, 1 A D 2d 277, 278 [3d Dept.].) We reiterated our views on the subject in *Inter County Painting Co.* v. *200 East End Ave. Corp.* (286 App. Div. 482) although the default there was permitted to be opened, because of the circumstances of that case, upon payment of costs. The instant case differs in that, although an order was made directing the service of a bill of particulars, the motion to permit the service of a bill and to relieve plaintiff of her default was made before any preclusion application. However, the order directing the service of a bill of particulars was made in February, 1959, and instead of complying with that order within the 10-day period provided for therein, plaintiff attempted to serve the bill in June, 1959, which was rejected as being too late. It was not until December, 1959 that plaintiff's counsel moved to open the default and compel acceptance of the bill. The excuses offered for not furnishing the bill in time are not convincing. Moreover, after initially claiming that the bill was not forthcoming because, plaintiff was out of the jurisdiction, plaintiff's attorneys then shifted to the claim that plaintiff had been ill for a long period of time and had then left for an extended trip abroad. In mitigation, however, there is the undeniable fact that defendants did not move to preclude after they rejected the proffered bill of particulars in June, 1959. In a measure, then, they were partly responsible for plaintiff's subsequent predicament. Without relaxing our views as to the possible serious consequences of ignoring demands and orders for bills of particulars, we find that the circumstances of this case do not require the extreme penalty of a preclusion and that the imposition of costs will be sufficient to reinforce our warnings about the disregard of rules and orders regarding the service of bills of particulars. A bill of particulars is to be served within 10 days after the service of the order entered herein, upon compliance with the conditions as to costs. Concur—Breitel, J. P., Rabin, Valente and Stevens, JJ.; M. M. Frank, J. deceased.

■ RICHARD K. CLARK, Respondent, v. NATIONAL BROADCASTING COMPANY, INC., et al., Appellants, et al., Defendants.— Order affirmed, with $20 costs and disbursements to the respondent. Concur—Breitel, J. P., Rabin, Valente and Stevens, JJ.; M. M. Frank, J., deceased. [22 Misc 2d 319.]