Matthew M. Levy, J.
By this action the plaintiff seeks to recover the sum of $139,316 for services allegedly rendered to the defendant in conducting a market research survey in respect of various magazines published by the defendant. The plaintiff seeks recovery both on the basis of an express contract between the parties and on the basis of quantum meruit. The plaintiff alleges, as a first cause of action, that the parties entered into a written contract pursuant to which the defendant agreed to pay for the services of the plaintiff the sum of $126,000 plus or minus a specified contingency allowance. The plaintiff further alleges that, as a result, there became due and payable to the plaintiff the sum of $134,316 of which $120,000 has been paid, leaving a balance due of $14,316. As a second cause of action, based on the same transaction, the plaintiff alleges that, at the request of the defendant, the plaintiff rendered additional services to the defendant and that on a quantum meruit basis the reasonable value of all services rendered is $259,316, of which sum but $120,000 has been paid, leaving an unpaid balance of $139,316 which the defendant refuses to pay. In its answer, the defendant interposes denials and defenses and sets forth, as a first counterclaim, that the plaintiff failed to perform the contract in the agreed manner, that the plaintiff’s alleged services were worthless, and that the defendant was, as a consequence, damaged in the amount of $620,000, for which sum the defendant demands judgment. As a second counterclaim, the defendant alleges that it relied on the plaintiff’s warranties regarding the plan of research and that such warranties were *64 false, by reason of which the defendant was damaged in the amount of $620,000. As a third counterclaim, the defendant alleges that the plaintiff became indebted to the defendant in the sum of $125,000 for money had and received by the plaintiff to the use of the defendant, and that no part of said sum has been paid although duly demanded.
The defendant duly served a demand for a bill of particulars of the plaintiff’s complaint. When a bill was not served, the defendant moved to preclude. This motion came on before me, and was granted on consent of the plaintiff if a bill were not served within 20 days. The plaintiff did not serve a bill within the specified time, but moved thereafter to vacate the consent order and to modify the demand. After argument before and submission to one of my learned colleagues, the motion by the plaintiff was referred to me for disposition, perhaps in recognition of a facet of mechanics of appropriate judicial administration sought to be emphasized in Silverman v. Rogers Imports (4 Misc 2d 672, 673-674*) even though the conditional preclusion order was entered pro forma on a consensual motion calendar-call stipulation.
It is unfortunate that the parties — finding themselves necessary to proceed on this application with such volume of forensic brimstone and fire — have thus made it necessary for me to give extended consideration to a motion involving the generally placid matter of a bill of particulars. But, after study, I found myself unable to do aught else in an endeavor to arrive at a just determination in this intermediate process in what appears to be a seriously presented and vigorously contested litigation.
Buie 115 of the Buies of Civil Practice, so far as pertinent here, provides that “ [i]f the party upon whom such notice [demand for a bill of particulars] is served is unwilling to give such particulars, in whole or in part, he may move to vacate or modify such notice by serving his motion papers within five days after receipt thereof.”
The courts do not look with favor upon the practice of failing to heed a demand for a bill of particulars until a motion to preclude has been made. Thus, in Hersh v. Home Ins. Co. (284 App. Div. 428, 429-430), the Appellate Division in the First Department said: “ We are aware that some lawyers regard a demand *65 for a bill of particulars as an overture that can be disregarded, .rather than as a legal process which may be flouted only at peril to a client’s cause. These lawyers will pay no heed to a demand for a bill of particulars until a motion to preclude has been made. Without dwelling on the aspects of rudeness involved in this procedure, such behavior casts unnecessary burdens on already overburdened courts and lawyers. However tolerant lawyers may be of each other’s lapses, busy judges cannot view them with equal equanimity.” (See, also, Weber v. Feldman, 24 Misc 2d 105; cf. Quashnofsky v. Davies Bldg., 4 Misc 2d 38.)
The Appellate Division in this Department has also ruled that it is incumbent upon a plaintiff, knowing his inability to comply, to make appropriate application to the court prior to the rendition of the preclusion order against him (Farber v. Chein & Co., 3 A D 2d 1003). In the Second Department, the Appellate Division reversed an order of Special Term which granted a plaintiff’s motion to vacate a preclusion order when the papers submitted in support of the motion did not recite facts showing a meritorious cause of action and a justifiable excuse for the plaintiff’s failure to serve a bill of particulars in accordance with the terms of the preclusion order (Baumgarten v. Bratt, 13 A D 2d 832). Nevertheless, it is recognized that, in a serious litigation involving a possibly meritorious claim, and where the delay has not been shown to be unduly great or prejudicial, a litigant should not be penalized by a preclusion order as a result of the failure of his attorney to comply with the provisions of the rule .concerning bills of particulars (Kamp v. Syracuse Tr. Corp., 284 App. Div. 1028).
In the case at bar, the defendant’s demand for the bill was served on September 6, 1961. There was no objecting motion emanating from the plaintiff. The defendant served a notice of motion to preclude on February 15, 1962, returnable February 26, 1962. Again, there was no response from the plaintiff. March 5,1962, was the adjourned hearing date of the motion to preclude. There was no objection to the demand during this period, but, on the contrary, on the call of the Motion Calendar before me, consent was voluntarily given by the plaintiff to an order of preclusion unless the plaintiff served its bill in accordance with the demand within 20 days after service of the order. The final order was signed on March 15, 1962, and served on March 19, 1962. On April 11, 1962, the plaintiff procured an order requiring the defendant to show cause why the preclusion order, consented to by the plaintiff, should not be vacated and why the defendant’s demand for the bill should not be modified by eliminating items 2 and 4 thereof. On the same day of, but *66 several hours after, the argument before and submission of the motion to my learned colleague, the plaintiff served a bill of particulars, which it claims is the best it can do in compliance with the items of the demand objected to.*
As I have said, the preclusion order was entered on March 15,1962. The plaintiff set the machinery in motion on April 11, 1962, to he relieved of the order and the consent thereto. That short period does not appear to me sufficient to prevent the vacating of the preclusion order. Thus, in Haber v. Forbidussi (8 A D 2d 820), an appeal was taken from an order of Special Term granting a motion to vacate an order of preclusion with leave to serve a bill of particulars. The order was affirmed. It appears that the hill of particulars which the appellant had rejected was served 12 days after the effective date of the preclusion order. The Appellate Division stated: “ In our opinion, there was no showing of gross laches or inexcusable neglect, nor was there any showing of prejudice.”**
In comparable situations, the courts have not hesitated to invoke their inherent jurisdiction to vacate stipulations or orders entered on consent. In Schiffman v. Cudahy Packing Co. (30 N. Y. S. 2d 150, 151-152), it was said: ‘6 The court has power to relieve a party from a stipulation which is unjust even when *67 fully authorized. Hallow v. Hallow, 200 App. Div. 642, 193 N. Y. S. 460; Humphries v. Shapiro, 187 App. Div. 96, 175 N. Y. S. 426. In the exercise of its discretion, the court relieves litigants from stipulations during the pendency of a case, when the same were inadvertently signed (Yonkers Fur Dressing Co. v. Royal Insurance Co., 247 N. Y. 435, 160 N. E. 778; Sperb v. Metropolitan El. R. Co., 57 Hun 588,10 N. Y. S. 865, affirmed 123 N. Y. 659, 26 N. E. 749) or as to facts which are not true (Levy v. Delaware, Lackawanna & Western R. R. Co., 211 App. Div. 503, 207 N. Y. S. 592) or where to enforce it would be unjust or inequitable or permit the other party to gain an unconscionable advantage. Goldstein v. Goldsmith, 243 App. Div. 268, 276 N. Y. S. 861, and cases cited. Both plaintiff and defendant can be restored to substantially their former position; the stipulation should not be held; to do otherwise, would be to promote injustice and wrong. The plaintiff has lost nothing by reason of the stipulation and if it is set aside both of the parties will be restored to their former position and the issues in the action can then be tried in the ordinary way and a decision rendered on the merits, which cannot be done so long as the stipulation remains in force. It would be inequitable to hold the defendant to it. Foote v. Adams, 232 App. Div. 60, 248 N. Y. S. 539; Magnolia Metal Co. v. Pound, 60 App. Div. 318, 70 N. Y. S. 230.”
Notwithstanding, therefore, the defendant’s argument to the contrary, the issue is not one of judicial power, but rather one of discretion. In my view, the plaintiff has presented some (although I cannot recognize that it is an overwhelming) basis for being relieved of its consent to an order of preclusion. In seeking to vacate the order, the plaintiff presents the plea that the attorney handling the matter on behalf of the firm of attorneys for the plaintiff had left its employ, and the attorneys assumed that, since he had made no motion to modify or vacate the demand for the bill, it could be complied with and so they consented to the preclusion order if a bill were not served within 20 days from the date of the service of the order. This excuse, as submitted in the affidavits in support of the motion, is not too impressive; but, in reviewing the voluminous papers and exhibits, I have come to the conclusion that there is an adequate showing of merit by the plaintiff — certainly, the action appears to be a substantial one. I think the interests of justice would best be served by vacating the preclusion order (upon the conditions hereinafter set forth) and considering the motion to preclude de novo.
*68 So proceeding, the plaintiff has still not escaped from the cul-de-sac in which its neglect had encased it.* For, generally, if a party upon whom a demand has been served for a bill of particulars fails to contest items thereof until after the motion for a preclusion order, the court will not scrutinize such items unless they are palpably improper. It is necessary, first, therefore, not alone to relieve the plaintiff of its consent to the order of preclusion (which I have stated I shall do upon certain conditions), but also to relieve it of the default in failing to move to vacate or modify the demand for the bill. Since the circumstances leading to the consent in the one instance are the same as those giving rise to the neglect in the other, my disposition in that regard will be the same for both aspects of the motion.
In seeking to modify the demand for the bill, the plaintiff urges that strict compliance therewith will prove far too onerous, particularly in respect of the two items of the demand sought to be deleted. I shall now direct my attention specifically to the pleading, the demand for the bill and the objections thereto.
In paragraph sixth of the second amended complaint, the plaintiff alleges: ‘ ‘ sixth : Pursuant to Paragraph ‘ 15 ’, ‘ hobbyist interviews ’ were conducted in excess of the 8000 provided for in the said Paragraph, thus causing a contingency adjustment in addition to the contract price of $126,000 in the amount of $8316, pursuant to the provision for such contingency adjustment contained in the aforesaid Paragraph 1 15 ’ of Exhibit ‘A’.”
In paragraph tenth of the second amended complaint, the plaintiff alleges: ‘ ‘ tenth : Heretofore, and between the 30th day of May, 1959 and the 25th day of May, 1960, the plaintiff rendered services to the defendant, at the special instance and request of the defendant, by conducting a research program and market research project in connection with various magazines published by the defendant, and as part thereof, the plaintiff prepared questionnaires, conducted surveys and submitted reports thereof to the defendant, all at the defendant’s special instance and request.”
Item 2 of the defendant’s demand for a bill of particulars (which refers to paragraph sixth of the second amended complaint) required the plaintiff to
(a) state the total number of “ hobbyist interviews ” in excess of 8000 which it is claimed were conducted by plaintiff;
*69 (b) with respect to each “hobbyist interview” in excess of 8000 allegedly conducted by plaintiff, state,
(1) the name and address of each person with whom such hobbyist interview was conducted;
(2) the name and address of the person who acted on behalf of the plaintiff in conducting each such “hobbyist interview”;
(3) in what field of special interest each such “hobbyist interview” was conducted.
Item 4 of the defendant’s demand for the hill (which refers to paragraph tenth of the second amended complaint) requires the plaintiff, as to each item of service claimed to have been rendered by the plaintiff, to state the following:
a) state fully of what each such item of service consisted;
b) the date on which each such item of service was rendered;
c) where each such item of service was rendered;
d) the date on which each such item of service was requested by defendant;
f) as to each such item of service, whether the same was requested by defendant orally or in writing. If orally, state the full and true substance of each such request; if in writing, furnish a true copy of each such writing;
g) as to each such item of service, who on behalf of defendant requested the same and of whom on behalf of plaintiff was the same requested;
h) as to each such item of service, state whether or not the same was rendered in performance of a term or provision of the contract, as amended, which is alleged in the second amended complaint and, if rendered in performance of a term or provision of the contract, as amended, identify such term or provision;
i) as to each such item of service, state whether plaintiff claims the reasonable value or the agreed value thereof.
(1) as to each such item of service for which plaintiff claims the reasonable value, state the reasonable value of each and the manner in which the same is arrived at;
(2) as to each such item of service for which plaintiff claims the agreed value, state as to each such item when and where the value thereof was agreed upon, who acted on behalf of plaintiff and who acted on behalf of defendant in agreeing to the same, and the value agreed upon for each such item.
j) specify and describe the following:
(1) the questionnaires prepared by plaintiff;
(2) the surveys conducted by plaintiff; and
(3) the reports submitted to defendant.
In American Mint Corp. v. Ex-Lax (260 App. Div. 576, 577) it was held that the demand was “ so unreasonable, meticulous, unnecessarily repetitious, and burdensome that it should have been denied in its entirety as it constitutes a plain abuse of the right to a bill of particulars ”. In Winterstein v. Mauntner (284 App. Div. 962), it was held that a demand which contained over 200 items and which was meticulous and unnecessarily repetitious should have been denied in its entirety. In Lindly & Co. v. Telephonies Corp. (19 Misc 2d 518), following the well-established rule, the court held that a demand of 120 items in 14 pages of single-spaced type was so repetitious and burdensome that *70 it would be denied in its entirety. Again, where some items were proper, but many sought immaterial facts or minute and petty particulars, an order granting the bill would be modified by eliminating all items except those consented to by the plaintiff. (R. K. Corbin, Inc., v. Levine, 286 App. Div. 805.)
But, in the case at bar, neither the number of items here involved nor their length is great. Indeed, they are reasonably few and do not, on their face, appear to be in the least complicated. It is claimed by the plaintiff, however, that hidden beneath the mild and meagre facade of the demands objected to are involved responses which are multitudinous and difficult. The plaintiff asserts that these demands require the photocopying of approximately 1,168 interviewer time sheets, 1,414 staff time sheets, 48,000 questionnaires (each containing approximately 8 pages) and the documentation of approximately 57,367 household visits. The plaintiff therefore seeks to establish a corollary of the Ex-Lax principle — that is, if the demands are not numerous and unnecessary, but the particulars required in response thereto are many and burdensome, the demand will be vacated without study.
Where a plaintiff’s time within which to move for modification of the defendant’s demand for a bill had expired, and the plaintiff did not object to the items as to which the bill was sought until the defendant made a motion for a preclusion order, it was held that the reviewing court, upon an appeal from an order which granted the motion to preclude, would not scrutinize the items of the demand, but would allow them, unless they were clearly improper (Tomasino v. Prudential Westchester Corp., 1 A D 2d 781: see, also, Coin v. Lebenkoff, 14 A D 2d 679). As held in Helfant v. Rappoport (14 A D 2d 764, 765) where the plaintiff does not comply with defendant’s demand for a bill of particulars and no motion is made to vacate or modify the demand, “ the failure to so move establishes the validity of the items. Preclusion can no longer be resisted by raising questions as to the validity or propriety of any item * é *. An exception does exist where the item demanded is palpably improper * * *. By what is palpably improper is meant items not only not strictly allowable but also so burdensome to supply that compliance will involve a task that is unreasonable to exact.”
However, in the case at bar, I doubt the applicability of the precept. When, as here, the plaintiff’s action is “brought on the basis of quantum meruit, the defendant is entitled to a statement of the services claimed to have been rendered sufficient in detail to give the information essential to enable the defendant to properly defend the action ” (Langan v. Cabot, 67 N. Y. S. *71 2d 783, 788). In Hirsch v. Marks (125 N. Y. S. 2d 760, 762), I held, in an action to recover for work allegedly performed and materials allegedly furnished, that the £ ‘ bill is clearly insufficient with respect to items 4 and 5 insofar as it has failed to particularize the items of work and the number of hours of labor for each item, and the items of material furnished, together with the sum charged as cost or reasonable value of each item of labor and material.” On the other hand, it is axiomatic that it is not the function of a bill of particulars to enable a defendant to obtain the plaintiff’s evidence in advance of trial or to obtain the names of the plaintiff’s witnesses. Nor is the defendant entitled to know, in the circumstances of this case, the names and addresses of the persons who were interviewed by the plaintiff or of the representatives of the plaintiff who did the interviewing. Accordingly, the items objected to will be modified as follows:
Items 2 (b)(1) and 2 (b)(2) are deleted. In item 2 (b)(3), the word “ special ” is deleted. In item 4 (a), the word ££ generally” is substituted for ££ fully.” As to item 4 (b), plaintiff may state the beginning and ending dates of such services. As to item 4 (c), a statement as to the general locality will suffice. As to item 4 (d), the approximate date may be given. As to item 4 (f), the word ££ full ” is eliminated. Item 4 (h) is deleted in its entirety. Item 4 (i) is modified by adding ££ or both ” after the words ££ value thereof ”. In item 4 (i) (1), the words ££ and the manner in which the same is arrived at” are stricken. If item 4 (i) (2) is answered in items 4 (f) and 4 (g), plaintiff may so state and repetition is not necessary; and, in any event, the approximate date may be given. As to item 4 (j), a general form may be attached as to (1) questionnaires, (2) surveys and (3) reports. In other respects modification is denied.
The plaintiff’s motion to vacate the order of preclusion is granted upon condition that (within 20 days after the service of a copy of the order hereon with notice of entry), the plaintiff serve a bill of particulars in compliance with the demand as modified herein. If such bill is not so served, the plaintiff’s motion is denied. By the same token, the defendant’s motion to preclude is granted unless (within 20 days after the service of a copy of the order hereon with notice of entry) the plaintiff serve the bill demanded as modified herein, and if there is such service, the defendant’s motion is denied. In neither case have I passed upon the sufficiency in any respect of the bill served after the submission of the motions.

 See, also, Grobman v. Freiman (3 Misc 2d 656, 659); Rubmraut v. Federico Causo Consignataria 8. A. (4 Misc 2d 761, 762); Di Mino v. Old Town Corp. (4 Misc 2d 962, 963); Pennsylvania Exchange Bank v. Lasko (4 Misc 2d 1039, 1040); Sillman v. Twentieth Century-Fox Corp. (12 Misc 2d 775, 778); Farber v. Chein & Co. (13 Misc 2d 158, 160); Penn-Texas Corp. v. Glickman (20 Misc 2d 835, 838).

 Let me say at this point that the plaintiff’s procedure in waiting — until after the defendant has moved to preclude, and, indeed, until after the submission of the instant motion by plaintiff to vacate the preclusion order — to serve its bill of particulars should not be lightly excused. That is even more objectionable than the service of a bill by mail the day before the return date of a motion to preclude, and, in that circumstance, I had occasion to make the following observation: “ This procedure should not be tolerated. The practice of ignoring the demand, and then merely serving a bill after a motion to preclude, has been condemned by the Appellate Division (Hersh v. Home Ins. Co., 284 App. Div. 428; Inter County Painting Co. v. 200 East End Ave. Corp., 286 App. Div. 482) and cannot be here condoned (cf. Quashnofsky v. Davies Bldg., 4 Misc 2d 38, 39). Moreover, the bill served so late cannot be examined by the adversary in time to ascertain whether it complies with the demand and whether the motion to preclude should be withdrawn or pressed. In the instant case, the bill seems to have been served by mail — which means that when the plaintiff appeared in court to answer the Motion Calendar Call, he knew nothing whatsoever about such service.” (Weber v. Feldman, 24 Misc 2d 105, 106, supra.)
The service of the bill, therefore, does not signify that the plaintiff is entitled to require its adversary or the court to study the bill thus belatedly served and determine in this backhanded fashion whether the bill is in due compliance with the demand.

 For such a showing, see Schmitt v. Pietrangelo (285 App. Div. 1058) (delay of 18 months) and Mead v. Consolidated Metal Spinning & Stamping Co. (208 App. Div. 814) (delay of 5 months).

 From September 6, 1961, when the demand for the bill was served, until February 15, 1962, when the motion to preclude was first noticed — a period of five months, instead of the allowable five days (Rules Civ. Prac., rule 115).