Merrill Coburn, Respondent, *v.* Washington Wheelock, Administrator, &c., of Orlin Wheelock, deceased, Appellant.

Where all the stockholders of a corporation execute and deliver to a creditor thereof, their joint and several promissory note for money loaned to, and used by, the corporation, as between themselves they are co-sureties for the company.

One of their number, paying the note when it became due, may call upon his co-securities for equal contributions as makers of the note; and their liability is not to be measured by their relative amounts of stock in such corporation.

Appeal from a judgment of the Supreme Court in the fifth district, affirming a judgment in favor of the plaintiff ordered at circuit, on trial by the court without a jury.

The action was brought to recover the one-fifth part of a sum of money which the plaintiff had paid in satisfaction of a promissory note executed by the plaintiff, the defendant's intestate, and three other persons. The court found the following facts: On the 15th July, 1861, the defendant's intestate, together with the plaintiff, Martin L. Graves, Russell Wilmot and Leroy Wood, made and delivered their joint and several promissory note for $3,050, payable to George Christie or bearer, in six months from date, with interest. The consideration of said note was money theretofore borrowed and received of said Christie, for and on behalf of an association called the Jefferson Leather Manufacturing Company, which had been duly organized and incorporated under the statute, and of which the makers of said note were stockholders. The money thus borrowed was used in the business of the company, and the makers of the note executed the same upon the requirement of the payee, and as between each other were sureties thereon for the company. After the note matured, the plaintiff took it up, and paid the sum of $2,711.21, which was the whole amount due thereon, on the 21st March, 1863, after deducting sundry former payments. When the plaintiff took up the note, the company had become insolvent, all their assets had been disposed of, and

an assessment of one hundred per cent had been made upon each of its stockholders, all of whom had paid except Samuel N. Gillett, who was understood to be insolvent before the plaintiff took up the note. It also appeared by uncontradicted testimony that the makers of the note and Gillett were the only stockholders in the company; that the whole amount of stock taken was $9,500, and that, of that amount, the plaintiff had $5,000, and the defendant's testator and Gillett had $1,000 each. The court decided, as matters of law, that the plaintiff was entitled to compel an equal contribution from the makers of the note as co-sureties; that neither the payee of the note nor the plaintiff was obliged to attempt to collect the same of the company, nor to adjust the alleged rights of the several parties by an equitable suit, before pursuing the legal remedy sought in this action; that the measure of the defendant's liability is not a *pro rata* share of the note, in proportion to the amount of stock held by his intestate, but is one-fifth of the amount paid by the plaintiff on the note; and that the plaintiff is entitled to judgment therefor, with interest, deducting a set-off of $46.77 admitted by the plaintiff. Judgment was rendered therefor, and the defendant duly excepted. The case was submitted on printed briefs.

*Clarke & Calvin*, for the appellant.

*Brown & Beach*, for the respondent.

Smith, J. This case was correctly disposed of by the court below. The testimony shows, without dispute, that the makers of the note executed it for the accommodation of the corporation, at the request of its president, who, by the by-laws, was its general agent. Their position was, therefore, that of co-sureties for the company, and they were jointly and severally liable to pay the whole amount of the note to the payee, but, as between themselves, each was liable to pay one-fifth of the whole and no more. The former liability was created by the express terms of their contract;

the latter is implied by law from the fact of their becoming bound together as sureties.

The counsel for the appellant insists, however, that this general implication of law is repelled by the peculiar circumstances of the present case, and that, as the makers of the note were themselves the only solvent and responsible stockholders of the corporation, their engagement was not one of suretyship, but was, in fact, an undertaking to pay a debt owing by themselves as a corporation, and it is, therefore, to be implied that they intended to be liable therefor in proportion to the amount of stock held by them respectively.

That position is untenable. It assumes that the makers of the note thereby undertook to increase their individual liability as stockholders, in proportion to the amount of stock held by them respectively; and not only that, but also that they assumed a further liability, in like proportion, to the extent of the stock held by Gillett, who was insolvent, and was not a party to the note. They did neither. They signed the note as individuals, and not as stockholders or trustees of the corporation.

The judgment should be affirmed.

HUNT, J. The plaintiff, the defendant and three others made their joint and several promissory note to George Christie for $3,050, payable at six months with interest. Christie was a creditor to that amount of the Jefferson Leather Manufacturing Co., was dissatisfied with his securities, and required a note, such as was given, as above stated. The parties to the note were stockholders in the leather company in unequal amounts. That company became insolvent, and is now practically dissolved. The note was given as security for the company, and expressed nothing upon its face different from an ordinary note signed by five parties jointly and severally.

The plaintiff paid the note to Christie, and claims of the defendant one-fifth of the amount now due upon it. The defendant claims that, as stockholders in the company, they stand as partners in this transaction; that the plaintiff must bear such portion of the loss, compared with defendant, as

his stock bears to defendant's; that is, the proportion of five to one.

This claim cannot, I think, be sustained. The leather company was the principal debtor: the five individuals named give their note for its debt. They act here and in this as individuals, and the legal effect of their contract is, that they will each be liable to the creditor for the whole amount of the note, and each will be liable to any one of themselves paying the note, for the one-fifth of the amount so paid by him. The parties made no arrangement altering this liability between themselves; although it was quite competent for the defendant to have given or required a writing, which would have limited his liability to the proportion of his stock.

The parties were stockholders and corporators in the institution named, but not partners either legally or equitably, and not subject to any other liabilities than those imposed by the statute. It is suggested that a different rule was established in the case of the *Rossie Lead Mining Co.* There, however, the charter expressly provided that " the stockholders of said corporation shall be jointly and severally personally liable for the payment of all debts contracted by the said corporation or their agents." (*Moss* v. *Averill*, 6 Seld., 489.) The various cases cited by the appellant arose under that charter.

The judgment should be affirmed.

Judgment affirmed.