### T. S. WALKER v. LEWIS & DILWORTH.

1. JUDGMENT.—A judgment for an amount in excess of the amount claimed will be reversed.
2. CORPORATION STOCKHOLDER.—A judgment for a specific amount against a stockholder in an incorporated company, the charter of which renders the stockholders liable to the extent of their stock, cannot be maintained, in the absence of an averment in the petition setting forth the amount of stock subscribed for by such stockholder.
3. CORPORATION—STOCKHOLDER.—A stockholder in a corporation is not personally liable to creditors thereof, unless it be by virtue of some provision of the charter or of the general statutory law. If he has not paid for the stock subscribed, the sum remaining unpaid may be reached by a creditor of the corporation.

APPEAL from Gonzales. Tried below before the Hon. John P. White.

The pleadings in this case are quite lengthy, and raise many issues, which are discussed in briefs of counsel; but the opinion is based on points which render it unnecessary to make a statement of the progress of the cause.

*Harwood, Conway & Winston,* for appellant.

*Joseph O'Connor* and *E. Lewis,* for appellees.

GOULD, ASSOCIATE JUSTICE.—The judgment against Walker is erroneous, because it exceeds the amount claimed in the amended petition.

The judgment is further erroneous, because the pleadings of plaintiffs contained no averments showing that Walker was individually liable for the debts of the corporation.

If the charter, as claimed by appellees, makes stockholders

liable to the extent of their stock, whether paid for or not, the amended petition does not allege that Walker held or subscribed for any named amount of stock, and therefore fails to allege enough to support the judgment.

But it is our opinion that the charter does not enlarge the liability of stockholders as claimed. The section relied on is as follows: "That any stockholder failing or refusing to pay in his or her stock, or any installment thereof, as may be required by the by-laws of said company, after ninety days [notice] from the directors, without good and sufficient cause shown, said stock shall be forfeited to the company, together with all installments previously paid. No stockholder shall be liable for any debt or liability of said company for more than the amount of stock subscribed by him or her."

Stockholders or members of a corporation are not personally liable to creditors thereof, unless it be by virtue of some provision of the charter or of the general statutory law. If they have not fully paid for the stock subscribed, the sum remaining due may be reached by a creditor of the corporation. (Angel & Ames on Corp., secs. 41, 595, 602; Field on Corp., secs. 55, 74, 404.)

The charter seems to be declaratory of the common-law rule, and measures the liability of the stockholder by the amount he subscribed, or promised to pay into the corporate fund. It is wholly unlike the statute under which Briggs v. Penniman, 8 Cow., cited by appellee's counsel, was decided. There, the statute made the members of the corporation at the time of its dissolution liable individually for the company's debts, to the extent of their respective shares of stock. In the legislation of the different States in regard to corporations of different kinds, every variety of provision on the subject of the individual liability of the members of corporate bodies is to be found. (Angel & Ames on Corp., sec. 610.) Our opinion is, that the charter does not impose on the stockholder any greater liability than to pay for the stock subscribed.

There are quite a number of other questions suggested by counsel, but in the attitude in which the case stands, having been tried and disposed of under a misconception of the law as to the personal liability of appellant, we deem it only necessary to make one or two suggestions.

It was developed on the trial, that plaintiffs received the note and account from John V. Low as collaterals for his individual indebtedness, and that, partly by Low in his lifetime, and partly by his representative after his death, that indebtedness had been paid, and the suit was prosecuted for the benefit of his estate. Now, the written transfer of the account did not make the plaintiffs the legal owners thereof, and it is questionable whether the suit could be maintained by them after their equitable interest had ceased. (Devine v. Martin, 15 Tex., 25.)

The estate of Low was, it seems, the only party interested in the judgment as the owner thereof, and yet the judgment recorded was in part against that estate, represented by the survivor of the community under the statute. It would seem that the rights of the estate as against Walker, whether growing out of the account or the payment of the note, were equitable rather than legal, and, as to the former at least, involved the adjustment of the partnership affairs.

It seems still more questionable, whether the note was, as such, anything more than the note of the parties who signed it, and not the note of the corporation. For a very similar case, see Coburn v. Wheelock, 34 N. Y., 440. (Angel & Ames on Corp., sec. 232.)

Because the judgment is in excess of the amount prayed for, and because the petition alleges no facts authorizing the judgment against Walker individually, the judgment is reversed and the cause remanded.

REVERSED AND REMANDED.