MORRIS WEISSMAN, Respondent, *v.* METROPOLITAN LIFE INSURANCE COMPANY, Appellant.

Supreme Court, Appellate Term, First Department, February 24, 1939.

*Tanner, Sillcocks & Friend* [*Dean Potter* of counsel], for the appellant.

*Goldstein & Goldstein* [*David Goldstein* and *Thomas Gold Frost* of counsel], for the respondent.

PER CURIAM. The very foundation of the group insurance plan is present employment. Contributions are made accordingly. The employee contributes his part and the employer the balance. Based upon these there are retirement benefits at certain ages after definite periods of employment, as well as options for cash surrender value, or to convert into individual insurance, and the like, if employment ceases. Previous employment thirteen years prior to present employment and upwards of twelve years prior to the issuance of the master group insurance contract, during or for which previous period plaintiff made no contributions are excluded from the period of eligibility fixed by the provisions of the master contract. Plaintiff came into the defendant's service as a new employee on February 23, 1931, and was entitled to and received his group certificate September 1, 1931. He became disabled November 22, 1935, four years and nine months later. As he was in the class of " all other present and new employees " eligible to a certificate " on the first day of the month next following completion of six months continuous service provided they are actively at work on the date of such eligibility," he was not entitled to total and permanent disability benefits payable " to any employee with five years of service and who has been a contributor since he was eligible, or has been a continuous contributor for not less than four years and six months while covered " under the insurance contract.

Judgment reversed, with thirty dollars costs, and complaint dismissed on the merits, with costs.

All concur. Present — HAMMER, SHIENTAG and NOONAN, JJ.