J. Irwin Shapiro, J.
This is a motion for an order compelling the defendant to accept the bill of particulars heretofore rejected by it.
The purported bill of particulars was returned by defendant together with a statement reading “ please take notice that your attached Bill of Particulars (undated) and received by regular mail on December 26, 1958, is hereby rejected and herewith returned to you for your failure to comply with the order of Mr. Justice Joseph M. Conroy, dated November 20, 1958.”
The plaintiff, in attempting to justify the sufficiency of his bill of particulars, says “ The plaintiff is not a man of letters. He is a small grocer, trying to make a living the best way that he knows how in spite of the difficulties that he has been having with the defendant; he cannot remember all of the details to the infinite, he does not keep meticulous records, this is his simple way of expressing himself. The position taken by counsel for the defendant is preposterously absurd.” The only thing preposterous or absurd here is the position which the plaintiff has gotten himself into by failing to move with respect to defendant’s original demand for a bill of particulars.
It has become a too frequent practice for some attorneys to refrain from moving with respect to a demand for a bill of particulars, waiting for a motion to preclude, and then serving a bill of particulars not in conformity with the original demand but with what they consider should properly have been demanded. Plaintiff is now confronted with an uncomplied demand and an order predicated thereon precluding him from serving a bill of particulars unless within the time specified in said order “ plaintiff complies with the defendant’s demand for a bill of particulars. ’ ’ Plaintiff now says that he cannot comply with the demand more than he has done in his purported bill of particulars. If that be the case, he should move to be relieved of the order of preclusion and for a modification of defendant’s demand for a bill of particulars.
Where a party’s time to contest the items of a demand for a bill of particulars has expired, he should not be permitted to object to them for the first time when a motion to preclude is *893 made. “ Under such circumstances,” says the Appellate Division, Second Department, in Tomasino v. Prudential Westchester Corp. (1 A D 2d 781) “ the items will not he scrutinized and will be allowed unless palpably improper. ’ ’ Where a litigant knows of his inability to comply with a demand for a bill of particulars, as here, and fails to make a proper application to the court, his practice is not only subject to severe condemnation (Petersdorf v. O’Hagan, 286 App. Div. 1100; Matter of Ludlam, 154 N. Y. S. 2d 989; Goldstein v. Wickett, 3 A D 2d 135; Gonsa v. Licitra, 6 A D 2d 755), but in addition he takes the risk of having a preclusion order — possibly an unconditional one — made against him. (Farher v. Chein & Co., 3 A D 2d 1003.) It is now too late for plaintiff to complain about the extensiveness of the demand for a bill of particulars. He must comply with it in toto or take appropriate steps to be relieved of his various defaults.
The plaintiff’s motion to compel the defendant to accept the bill of particulars heretofore served upon it is, therefore, denied, but without prejudice to the service of a proper bill of particulars within 10 days or the making of a motion to be relieved of the preclusion order and for a modification of the original demand for a bill of particulars.
Submit order.