Bernard Tomson, J.
The defendant moves for an order of preclusion on the ground that the bill of particulars furnished is not responsive to the demand.
The demand is unique in that it seeks particulars only as to “ the date, hour and minute the said William R. Boin died The bill of particulars states: ‘ ‘ The plaintiff is unable to state the exact date, hour and minute the said William R. Boin died. The last time the plaintiff saw the said William R. Boin alive was on April 21, 1959, at the South Nassau Communities Hospital, Oceanside, Nassau County, New York.”
The significance of the particulars sought and the answer given is readily determined by reference to the pleadings and the death certificate. The complaint sets forth a cause of action on a group life insurance policy which would permit the plaintiff beneficiary to recover if her husband died during the 31-day period after termination of his employment. His employment is alleged to have terminated on March 21,1959. The complaint states he “ then died on or about April 21, 1959 ”. The answer alleges that he ‘1 did not die within thirty-one days after termination of employment ”. The death certificate sets forth the date of death as April 22, 1959 at 2:0G a.m.
The motion is resisted on two grounds, (1) lack of personal knowledge of the particulars demanded, and (2) impropriety of the demand for the reason that the items demanded are a matter of defense on which defendant has the burden of proof.
The primary difficulty with the plaintiff’s position in urging the second ground lies in her failure to question the propriety of the demand within the time stipulated in rule 115 of the Rules of Civil Practice or to seek relief from such default by an appropriate motion.
The practice of ignoring a bill of particulars until the motion to preclude is made has been condemned by each of the Appellate Divisions in the State. (See Tripp, Cuide to Motion Practice [1960 Cum. Supp.], p. 69, stating: “ 8. The condemnation by the Appellate Division of the First Department of the practice of ignoring a demand for a bill of particulars until a motion to preclude is made has been adopted by the Second Department. (Petersdorf v. O’Hagen, 286 App. Div. 1100 * * * ; Matter of Ludlam, 154 NYS 2d 989.) Such condemnations now Statewide since delay in challenging a demand ‘ hurts the administration of justice in this State. ’ (Goldstein v. Wickett, 3 A D 2d 135 * * * ; Gonsa v. Licitra, 6 A D 2d 755 * * *.) An attorney who is conspicuously lax in this respect may subject himself to disciplinary proceedings (Gigliotti v. Morasco, 2 A D 2d 653 * * *); the possibility of civil liability to his *491 client is equally real. (Kamp v. Syracuse Tr. Corp., 284 App. Div. 1028.) Similar views were expressed in Hersch v. Home Insurance Co., (284 App. Div. 428 * * *) and in Intercounty Painting Co. v. 200 East End Ave., (286 App. Div. 482 * * *.) ” (See, also, Matter of Kuster, 12 Misc 2d 239 ; Rosen v. Gotham Equipment Corp., 16 Misc 2d 891 ; Weber v. Feldman, 24 Misc 2d 105 and Tomasino v. Prudential Westchester Corp., 1 A D 2d 781, where the Second Department held that a party may not contest the items in the demand for the first time on a motion to preclude.)
The memorandum in support of the motion argues only one point, that the burden of proof is on the plaintiff to allege and prove that the death of the insured had occurred within the 31-day period (citing Johnson v. Travelers Ins. Co., 269 N. Y. 401 ; Drilling v. New York Life Ins. Co., 234 N. Y. 234 ; Williams v. Union Central Co., 291 U. S. 170 ; Bergholm v. Peoria Life Ins. Co., 284 U. S. 489 ; Whitlatch v. Fidelity & Cas. Co., 149 N. Y. 45 ; Lavine v. Indemnity Ins. Co., 260 N. Y. 399 ; Carles v. Travelers Ins. Co., 238 App. Div. 43 ; Weissman v. Metropolitan Life Ins, Co., 170 Misc. 487 ; King v. Sperry Gyroscope Co., 57 N. Y. S. 2d 684 and Fearon v. Metropolitan Life Ins. Co., 138 Misc. 710).
In this connection see, also, Stawski v. John Hancock Mut. Life Ins. Co. (7 Misc 2d 424, appeal dismissed 4 A D 2d 940).
The plaintiff on the other hand, urges that: the defendant insurance company has the burden of proof in this action to show that the policy in question had lapsed at the time of the insured’s death (citing Hirsch v. New York Life Ins. Co., 267 App. Div. 404 and Ruina v. Commercial Travelers Mut Acc. Assn. of America, 272 App. Div. 1028, affd. 297 N. Y. 824) and that the defendant is not entitled to particulars of its own defense.
The discussion as to the burden of proof is dehors the issue on the motion. The precise issue properly before me is whether the bill of particulars adequately complies with the demand. Plaintiff’s claimed lack of knowledge is not sufficient compliance as it does not state what she will claim the facts to be. (See King v. Craddock, 252 App. Div. 719 ; also, see, Tripp, Guide to Motion Practice [1960 Cum. Supp.], p. 64.) The plaintiff, therefore, will be precluded from giving evidence at the trial as to those matters of which particulars have been demanded and not furnished (Curran v. Porkar, 283 App. Div. 849), i.e., such evidence as would show “ the date, hour and minute the said William R. Boot died Should the plaintiff, however, elect to serve a further bill stating that the plaintiff will claim at the trial that William R. Boot died on or about a partic *492 ular date, hour and minute and stating further that the plaintiff lacks further knowledge as to the items demanded, such further hill will be permitted to be served.
Motion granted unless within 10 days after service of a copy of the order to be entered hereon with notice of entry plaintiff serves and files a further hill of particulars stating that she will claim the said William R. Boot died on or about a particular date, hour and minute and that she lacks personal knowledge of the items demanded.
Settle order on two days’ notice.