■ LEONARD A. PRINGLETON, as Administrator of the Estate of IDA H. PRINGLETON, Deceased, Respondent, v. BRONX HOSPITAL et al., Defendants, and HOWARD WEINSTEIN, Appellant.— Order, entered on September 5, 1962, unanimously reversed on the law and in the exercise of discretion, with $50 costs and disbursements to appellant, and motion to preclude granted unless the plaintiff serves a further bill of particulars in response to the demand as modified, with $10 motion costs to defendant-appellant. It appears that the plaintiff has not made a reasonable effort in good faith to comply with the order of this court. It is significant that, in opposing this motion, neither he nor his attorney has made an affidavit showing as a matter of fact that they are unable now to reasonably respond to the items as directed by this court. The examinations before trial were completed in November, 1961, and presumably for some time the plaintiff has been ready for trial and he or his attorney has been possessed of knowledge and information sufficient to enable the plaintiff to state with reasonable specificity the nature of his claims. This he was required to do. (Tripp, Guide to Motion Practice [1955–1962 Cum. Supp.], p. 90; McCullen, Bills of Particulars, § 344; *Rowe* v. *Levine*, 15 A D 2d 571; *Boin* v. *Equitable Life Assur. Soc.*, 28 Misc 2d 489, 491.) Concur — Botein, P. J., Breitel, Valente, Eager and Steuer, JJ.

■ SAM WALTMAN, as Guardian ad Litem of FREDERICK WALTMAN, an Infant, et al., Respondents, v. ANNE B. DE SANTIS, Appellant.— Orders, entered on February 6, 1962 (1) vacating a dismissal of the action and restoring the case to the calendar solely for the purpose of transferring the action to the City Court, Bronx County, and (2) transferring the case to the City Court, Bronx County, unanimously reversed on the law and the facts, with $20 costs and disbursements to appellant, and plaintiff's motion denied, with $10 costs. The suit was commenced in September, 1956, seeking damages for injuries sustained in a motor vehicle intersection accident on December 30, 1955. Plaintiffs filed a note of issue for the September 1958 Term. The case was denied a general preference and was placed on the Deferred Calendar. Apart from the delay of almost two years between the time issue was joined and the note of issue was filed, the record here shows that the case was first dismissed in March, 1959, when plaintiffs failed to appear on a calendar call. Although the case was then restored because of the claim of inadvertence urged on a motion to vacate the dismissal made 14 months after March, 1959, there was, after restoration, a second dismissal on February 8, 1962, when plaintiffs again failed to appear at the calendar call. The excuse of inadvertence and oversight proffered by plaintiffs' counsel is unsatisfactory. In view of the successive dismissal and the entire background of delay in this case, we cannot view as adequate an excuse based essentially on inattentiveness to the publication of the calendars in the *Law Journal.* Concur — Botein, P. J., Breitel, Valente, Eager and Steuer, JJ.

■ DANIEL GARCIA, Respondent, v. SENTRY-NORDEN OIL AND HEATING CO., INC., Appellant, et al., Defendant.— Order, entered on August 22, 1962, denying motion to dismiss for lack of prosecution, unanimously reversed, on the law and on the facts and in the exercise of discretion, with $20 costs and disbursements to appellant, and the motion to dismiss the complaint granted, with $10 costs. Special Term recognized that the delay was inordinate and the excuse offered insufficient. Relief was nevertheless denied because defendant did not show that it was unduly prejudiced. Such a showing is not necessary. The absence of a reasonable excuse for the delay is determinative (*Hencken* v. *Edelman*, 15 A D 2d 744). Concur — Botein, P. J., Breitel, Valente, Eager and Steuer, JJ.