■ JULIUS FURST, Respondent, v. MASSACHUSETTS BONDING & INSURANCE COMPANY, Appellant.— Order, entered on December 18, 1961, denying defendant's motion to preclude and to vacate plaintiff's demand for a bill of particulars, denying defendant's motion to dismiss the complaint, and granting plaintiff's cross motion to vacate notice of examination, unanimously modified by granting motion to preclude unless plaintiff serves a further bill answering items 2 and 3 of the original demand within 10 days of the service of a copy of the order entered herein with notice of entry, and further reinstating defendant's notice of examination, said examination to be held 10 days after defendant serves its bill of particulars as directed at Special Term, but the time for service is extended to within 20 days after service of plaintiff's bill; and as so modified, affirmed, without costs. The stipulation extending plaintiff's time to serve his bill of particulars was a waiver of his right to question the propriety of any item of the demand that was not palpably improper. We do not consider the items ordered within that category. The stipulation providing for the examination of the plaintiff on a date to be selected by defendant could not be used to defer the proceedings indefinitely. The failure to designate a date for seven months relieved plaintiff from any implication that the examination was to precede defendant's service of a bill, and its demand should be honored. Concur — Botein, P. J., McNally, Stevens, Eager and Steuer, JJ.

■ ELLA COBAN, Respondent, v. WIL-SADE REALTIES, INC., Appellant.— Order, entered on January 8, 1963, granting defendant's motion to dismiss the complaint for failure to prosecute "unless plaintiff serves and files a note of issue for the March, 1963 term", unanimously modified on the law and on the facts, and in the exercise of discretion, to grant the motion to dismiss the complaint unconditionally, and as so modified affirmed, with $20 costs and disbursements to appellant; and judgment directed to be entered in favor of defendant dismissing the complaint, with costs. Plaintiff did not demonstrate a reasonably substantial excuse for the 32 months of delay in the prosecution of this action. (See *Foon* v. *Blumenthal,* 18 A D 2d 905, 906; *Hutnik* v. *Brodsky,* 17 A D 2d 808; *Cassieri* v. *Houston Motors Auto Leasing,* 16 A D 2d 632; *Krell* v. *Pelham Syndicate,* 14 A D 2d 845.) Failure of defendant to show that it was prejudiced by the delay is immaterial. (See *Garcia* v. *Sentry-Norden Oil & Heating Co.,* 18 A D 2d 789.) Concur — Botein, P. J., McNally, Stevens, Eager and Steuer, JJ.