OPINION OF THE COURT
Anthony J. Cerrato, J.
In a proceeding pursuant to article 7 of the Real Property Tax Law to review the 1976 tax assessment on certain real property (Section 3, Block 1, Lot 8) of petitioners situate in Middletown, New York, respondents have moved to dismiss the proceeding for want of prosecution.
THE FACTS
The above-captioned proceeding was duly commenced on August 31, 1976 in accordance with section 708 of the Real Property Tax Law. Issue was joined on October 18, 1976, the return date of the petition and notice of application by virtue of the automatic denial of all allegations of the petition under *1060 section 712. After more than a year passed following joinder of issue, a written demand was made on October 10, 1977 pursuant to CPLR 3216 for resumption of the prosecution of the proceeding and for a note of issue. More than 45 days elapsed since service and receipt of the aforesaid demand and when no note of issue was served in compliance therewith the instant motion to dismiss was made.
IS CPLR 3216 APPLICABLE TO TAX CERTIORARI PROCEEDINGS?
The predicate for the respondent’s motion to dismiss is CPLR 3216 (subd [e]). CPLR 3216 (subd [e]) provides in pertinent part: "In the event that the party upon whom is served the demand * * * [to resume prosecution of the action and to serve and file a note of issue within 45 days] fails to serve and file a note of issue within such forty-five day period, the court may take such initiative or grant such motion unless the said party [petitioners here] shows justifiable excuse for the delay and a good and meritorious cause of action.”
Petitioners argue, inter alia, that CPLR 3216 is not applicable to proceedings under article 7 of the Real Property Tax Law. They assert that a finding that CPLR 3216 is applicable would have disastrous consequences to many small taxpayers (including the petitioners herein) as they could simply not afford to proceed with a separate trial each year.[1] They note that the tax assessment of petitioners’ property for the 1976 assessment year was $32,400 and allege that it should be reduced to $10,400. It is pointed out that if petitioners are completely successful in this proceeding, and the assessment on their property is reduced to $10,400 they will be entitled to a tax refund of approximately $1,012.[2] Thus, the entire amount which petitioners are seeking to recover is only $1,-012.
Notwithstanding the foregoing, in order to prove that petitioners are entitled to this tax refund of $1,012 (some 68% assessment reduction) petitioners are required to (1) obtain an appraisal report which must be in compliance with section 678.1 of the Rules of the Appellate Division, Second Department (22 NYCRR 678.1), (2) retain an appraiser to testify at *1061 trial, and (3) retain counsel. Even without considering attorneys’ fees and.court costs, the cost of the appraisal report and expert testimony could very well exceed the $1,012 potential recovery.
Since petitioners’ costs do not increase measurably if a number of years’ proceedings are accumulated and consolidated in one trial, it is said that the interests of justice require that petitioners accumulate a number of years before, filing a note of issue.[3] It is further argued that holding CPLR 3216 applicable to tax certiorari proceedings would require all assessing units to proceed to a separate trial each year an assessment is protested. Such a result, it is asserted, is contrary to the interests of justice, violative of the legislative intent expressed in the Real Property Tax Law, and perhaps unconstitutional in that it may, in effect, preclude small taxpayers from exercising their rights to challenge tax assessments in light of the prohibitive costs involved.
Respondents contend that CPLR 3216 is applicable to a proceeding such as that here by virtue of the clear statutory language found in CPLR.
At the outset it can be said that this court is well cognizant of the customary practice in tax certiorari proceedings of accumulating a number of years of proceedings prior to filing notes of issue. In such landmark cases as Guth Realty v Gingold (34 NY 440) seven years were accumulated and consolidated, in 860 Executive Towers v Board of Assessors of County of Nassau (53 AD2d 463) eight years were accumulated, in McCrory Corp. v Gingold (52 AD2d 23) seven years were accumulated, and in Matter of City of Troy v Board of Assessors of Town of Pittstown (53 AD2d 794) six years were accumulated and consolidated. However, despite the fact that many tax years were accumulated in the above, and countless other cases, and such has been a long-standing practice, it is no reason to conclude that CPLR 3216 is not applicable to a tax certiorari proceeding.[4] Indeed, CPLR 101 provides in perti *1062 nent part: "The civil practice law and rules shall govern the procedure in civil judicial proceedings in all courts of the state and before all judges, except where the procedure is regulated by inconsistent statute.”
Since there is no specific statute regulating tax certiorari procedure, the CPLR is, in my opinion, clearly applicable to such proceedings.
In light of the failure to specifically charge the entire tax certiorari procedure or certain aspects thereof as unconstitutional on grounds that it is unduly costly and burdensome, in view of the failure to give notice to the Attorney-General, this court will not consider any such challenge. Suffice it to say at this point that if issue is taken with certain of the rules or statutes which comprise the tax assessment review procedure, the remedy lies in challenging those specific rules and procedures or in seeking legislative relief. The clear wording of the CPLR makes its provisions, including 3216, applicable here.
IMPORT AND APPLICABILITY OF SECTION 718 OF THE REAL PROPERTY TAX LAW
Petitioners concede that section 718 of the Real Property Tax Law is not applicable to the instant proceeding because it applies only to proceedings commenced after January 1, 1977. They assert, however, that such section was designed to provide a reasonable limitation (where none existed before) on the number of years which may be accumulated and consolidated. Moreover, they contend, it evinces the Legislature’s determination that four years is a reasonable time within which to file a note of issue in a tax review proceeding:
Section 718 provides in pertinent part: "Unless a note of issue is filed and the proceeding is placed on the court calendar within four years from the date of the service of the petition or petition and notice, the proceeding thereon shall be deemed to have been abandoned and an order dismissing the petition shall be entered without notice”.
While at first blush the construction placed on section 718 by petitioners would appear valid, a careful reading of this statute and CPLR 3216 would not support the interpretation advanced by petitioners.
Assuming section 718 were applicable to the instant case, such section can reasonably be read and interpreted to avoid any conflict with CPLR 3216. Section 718 of the Real Property *1063 Tax Law involves the automatic dismissal without notice of a tax review proceeding in which a note of issue is not filed within four years after service of the petition and notice. CPLR 3216 involves possible dismissal by a court where there has been a delay in prosecution of one year and a subsequent demand made by respondent to resume prosecution. In short, under section 718 of the Real Property Tax Law a four-year delay in prosecution is not per se unreasonable, but a delay of one year followed by a 3216 demand, which is not complied with, may be grounds for a dismissal for want of prosecution.
NOTWITHSTANDING THE APPLICABILITY OF CPLR 3216, SHOULD RESPONDENTS’ MOTION BE DENIED?
Having concluded that CPLR 3216 is applicable to the case at bar, the next question becomes whether respondents’ motion still should not be denied in the absence of a showing by respondents that they have been prejudiced by the alleged delay.
To be sure, the presence or absence of prejudice to the defendant or respondent is a material, but not necessary, factor on a 3216 motion to dismiss. (Sortino v Fisher, 20 AD2d 25; Coban v Wil-Sade Realties, 19 AD2d 605; Garcia v Sentry-Norden Oil & Heating Co., 18 AD2d 789.)
Upon a reading of the affidavit in opposition it would appear that petitioner has shown some merit to his proceeding and justification for the delay. Here the delay resulted from the customary practice of accumulating years in tax review proceedings, and since petitioners would be greviously injured if the instant motion to dismiss were granted (because the 30-day Statute of Limitations has long since run) respondents’ motions should be denied upon the condition that the petitioners, within 20 days of service of a copy of this order with notice of entry, serve and file a note of issue in compliance with the previously served demand by respondents.

. It is unclear whether petitioners are attempting to assert some constitutional "due process” or "equal protection of the law” argument.

. $22,000 reduction in assessment multiplied by tax rate of $46 per $1,000 of assessment.

. It can be said that after a successful assessment challenge some assessing units have maintained the assessments for subsequent years at a judicially reduced level. At least in those jurisdictions a petitioner, as here, is not prejudiced by diligently prosecuting a tax assessment proceeding for one year without waiting to pyramid challenges for subsequent years.

. Indeed, since CPLR 3402 (subd [a]) provides that any party may file a note of issue, it is impossible to conclude that a petitioner has an absolute right to pyramid or accumulate several years of tax review proceedings for ultimate consolidation unless both 3216 and 3402 were held inapplicable to tax certiorari proceedings.