(August 15, 1986)

■ AIRMONT HOMES, INC., Appellant, v TOWN OF RAMAPO et al., Respondents. (Proceeding No. 1.) HILLCREST ECKERSON CORP., Appellant, v TOWN OF RAMAPO et al., Respondents. (Proceeding No. 2.) ROCKLAND HOMES, INC., Appellant, v TOWN OF RAMAPO et al., Respondents. (Proceeding No. 3.) ERIC BERGSTOL et al., Appellants, v TOWN OF RAMAPO et al., Respondents. (Proceeding No. 4.) CITIZENS REALTY DEV. CORP., Appellant, v TOWN OF RAMAPO et al., Respondents. (Proceeding. No. 5.) BEN ASH et al., Appellants, v TOWN OF RAMAPO et al., Respondents. (Proceeding No. 6.) MILTON B. SHAPIRO et al., Appellants, v TOWN OF RAMAPO et al., Respondents. (Proceeding No. 7.)—In seven proceedings pursuant to Real Property Tax Law article 7, (1) the petitioner in proceeding No. 1 appeals from an order of the Supreme Court, Rockland County (Sullivan, J.), dated April 8, 1985, which granted the respondents' motion to dismiss the proceeding, (2) the petitioner in proceeding No. 2 appeals from an order of the same court, dated April 8, 1985, which granted the respondents' motion to dismiss the proceeding, (3) the petitioner in proceeding No. 3 appeals from an order of the same court, April 8, 1985, which granted the respondents' motion to dismiss the proceeding, (4) the petitioners in proceeding No. 4 appeal from an order of the same court, dated April 5, 1985, which granted the respondents' motion to dismiss the proceeding, (5) the petitioner in proceeding No. 5 appeals from an order of the same court, dated April 8, 1985, which granted the respondents' motion to dismiss the proceeding, (6) the petitioners in proceeding No. 6 appeal from an order of the same court, dated April 8, 1985, which granted the respondents' motion to dismiss the proceeding, and (7) the petitioners in proceeding No. 7 appeal from an order of the same court, dated April 8, 1985, which granted the respondents' motion to dismiss the proceeding.

Orders affirmed, with one bill of costs.

Special Term did not abuse its discretion by granting the respondents' motions to dismiss these tax proceedings on the ground of gross laches (see, Matter of Sheerin v New York Fire Dept. Arts. 1 & 1B Pension Funds, 46 NY2d 488, 498, rearg denied 46 NY2d 1076), since it is clear that the petitioners

inexcusably failed to prosecute their claims for over eight years after serving the petitions and, moreover, did not submit any affidavits of merit in opposition to the motions.

Even if it were assumed, as the petitioners contend, that the respondents solely relied upon the four-year limitations period provided in Real Property Tax Law § 718 in support of their motions, which statute did not apply to the case at bar since the petitions were concededly served prior to the effective date of its enactment (L 1977, ch 152, § 2; L 1976, ch 428, § 2), Special Term nevertheless had the inherent power to fashion an appropriate remedy in the interest of controlling its calendar and eliminating stale, meritless cases pending before it (see, Judiciary Law § 2-b; *Gabrelian v Gabrelian*, 108 AD2d 445, 448-449, *appeal dismissed* 66 NY2d 741). Weinstein, J. P., Eiber and Kunzeman, JJ., concur.

Niehoff, J., dissents and votes to reverse the orders appealed from and to deny the motions to dismiss, with the following memorandum with which Lawrence, J., concurs: I dissent from the conclusion of the majority that Special Term did not abuse its discretion by granting the respondents' motions to dismiss these tax proceedings on the ground of gross laches.

In August 1976, the petitioners commenced these proceedings to review certain tax assessments of the Town of Ramapo for 1976. By notices of motion dated December 18, 1984, the respondents moved to dismiss on the ground that over four years had elapsed since the commencement of the proceedings, without a note of issue being filed as required by Real Property Tax Law § 718. Although Special Term found that the petitions predated the effective date of Real Property Tax Law § 718, it dismissed the proceedings on the ground of gross laches.

In my judgment, since Real Property Tax Law § 718 does not apply, CPLR 3216 is the applicable statute under these circumstances. CPLR 3216 authorizes the dismissal of an action or proceeding for want of prosecution if the party upon whom is served a demand to resume prosecution of the action more than one year after joinder of issue, fails to serve and file a note of issue within 90 days. However, before a proceeding may be dismissed pursuant to CPLR 3216, a demand to resume prosecution must be made (see, *Matter of Kuhl v Hubbard*, 93 Misc 2d 1058). In the case at bar, no such demand was made, and therefore dismissal was improper.