Matthew M. Levy, J.
After a six-day trial before Judge and jury — resulting in the cause being set for retrial because of the jury’s disagreement — the plaintiff has made certain motions, as follows: (1) for summary judgment on six of the seven causes of action (Rules Civ. Prae., rule 113); (2) to strike the defendant’s answer as to the remaining count alleged in the complaint as sham and frivolous and directing an inquest (Rules Civ. Prae., rule 103); and (3) to conform the pleadings to the proof. Voluminous affidavits and exhibits are 'submitted, as well as a portion of the trial transcript. (Parenthetically, would not time and effort have been saved for counsel and court had Silverman v. Rogers Imports [4 Misc 2d 672] and Grobman v. Freiman [3 Misc 2d 656] been the accepted rule — and I might have been enabled to have referred this application to my learned colleague who presided at the trial?)
After careful consideration of the papers, I have come to the conclusion — assuming that a cause of action is pleaded in the complaint — that there is a triable issue here and that the plaintiff’s application for summary judgment and to strike the answer should be denied. Insofar as the plaintiff' seeks to amend its complaint, that motion is denied without prejudice to renewal at Special Term or upon a retrial, upon due notice, and upon the presentation of an amended complaint specifically incorporating the changes desired to be made. (It should be noted here that, in my disposition hereinafter of the defendant’s motion successfully attacking the sufficiency of the present complaint, I have given the plaintiff leave to amend.)
The defendant has eountermoved for judgment on the pleadings dismissing the complaint in that it does not on its face state facts sufficient to constitute a cause of action (Rules Civ. Prae., rule 112). It does not appear whether or not such a motion was made upon the trial. In any event, if made, its denial is not conclusive where, as a result of the abortiveness of the trial, no judgment was entered in the action (cf. Kramer v. United States Fidelity & Guar. Co., 212 App. Div. 644). And a motion for judgment of dismissal, if warranted by the pleadings or admissions of a party, may be made at any time during the progress of the litigation, indeed, “ at any stage of an action or appeal” (Civ. Prac. Act, § 476). The application *1041 must be considered on the pleadings alone, unaided by extrinsic proof — other than “the admissions of a party” (Civ. Prac. Act, § 476). There are no admissions made by the defendant in the record before me which have been noted by the plaintiff to sustain the present complaint — and my search of the papers submitted to me does not disclose any such admission.
The complaint alleges, in substance, in each of its causes of action, as follows: The defendant is an auto sales company; Lowell Adams is a discount company; the plaintiff is a bank. One of the defendant’s customers executed a conditional sales contract and its accompanying note. The discount company bought the contract and note from the defendant. In the sale, the defendant made certain warranties to the discount company as to pre-existing and existing matters, and agreed that if any of these warranties were untrue, the defendant would, upon demand, repurchase the note and contract from the discount company, paying the amount due thereon plus the discount company’s expenses. The plaintiff thereafter purchased the note and contract from the discount company. The warranties were untrue. There was a balance due. The plaintiff made demand upon the defendant that the defendant repurchase the contract and note, which the defendant refused to do.
At this point, I want to direct attention to the precise allegations of the relevant portions of the complaint. It is there pleaded that “ the defendant agreed that if any of the aforesaid warranties [as to certain matters represented by the defendant to Lowell Adams to be the fact when the defendant sold to Lowell Adams the note and contract executed by the defendant’s customer] were untrue, the defendant would repurchase from the said Lowell Adams Discount Co., Inc., upon demand the said note and conditional sales contract, and would pay therefor the amount due and owing thereon, plus any and all costs and expenses paid or incurred by Lowell Adams Discount Co., Inc., in respect thereto.” Then it is alleged in the complaint that “ the plaintiff [thereafter] purchased the aforesaid note and conditional sales contract from Lowell Adams ”. Construing the complaint liberally in favor of the pleader (Bentrovato v. Crinnion, 206 Misc. 648, 654) I shall assume that the purchase by the plaintiff of the note and contract would suffice to justify a holding that the note and contract were assigned to the plaintiff. But it does not follow that there was also an assignment of the cause of action which Lowell Adams had against the defendant for the breach of warranty. For the assignment of a contract, without more, does not carry *1042 with it the cause of action for a prior breach (Hanna v. Florence Iron Co., 222 N. Y. 290, 303-304), and there is no allegation that the discount company assigned its cause of action to the plaintiff.
On this motion, the question before me is whether, under the complaint as presently pleaded, the omission of that allegation is fatal. I have come to the conclusion that it is. As I analyze the complaint, the plaintiff is suing on a breach of warranty made by the defendant to the discount company. Since there is no privity of contract alleged between the plaintiff and the defendant, and since the warranty made by the defendant ran only to the discount company, no cause of action is stated in the complaint. The precedents in this State are definite to the effect that a warranty made in the sale of personalty may be sued upon only by the direct purchaser of the personalty, and that the warranty does not run to others (see Chysky v. Drake Bros. Co., 235 N. Y. 468; Turner v. Edison Stor. Battery Co., 248 N. Y. 73, and the cases cited therein).
It may be that the plaintiff intended to proceed on the theory of a suit not for breach of warranty but rather for breach of a conditional promise to repurchase. I shall undertake to spell out this theory on the plaintiff’s behalf: The suit is for sums due on the conditional sales contract, which sums the defendant promised to pay in repurchasing the contract if any of the warranties the defendant made at the time the defendant sold the contract to the discount company were untrue. Consequently, the question as to whether or not the warranties ran to the plaintiff is not determinative; what is determinative is whether any of the warranties has been breached, for, if there has been a breach, then the condition precedent to the plaintiff’s right to enforce the promise to repurchase and to pay the sums due has occurred. A right which is conditional is not for that reason incapable of assignment (see Restatement, Contracts, § 155; New York Annotations to the Restatement, § 155; 4 Corbin on Contracts, § 875); and the happening of the condition precedent to the defendant’s promise to repurchase and to pay the amounts outstanding would give an assignee of the cause of action the right to recover on the breach of the promise to repurchase the contract. Thus, this is not an action by a third party upon the warranty, but upon the contract, performance of which was breached when the warranty was breached.
It does not follow, however, from this construction of the plaintiff’s cause of action as pleaded, that the present complaint is sufficient. For there is no allegation of demand by the dis *1043 count company upon the defendant to repurchase; there is no allegation of damage incurred by the discount company; and there is no allegation of an assignment from the discount company to the plaintiff: of the antecedent cause of action as distinguished from a naked transfer of the note and contract.
But, above all else, as I read the complaint, the plaintiff is suing on a breach of warranty and on a warranty made directly by the defendant to the discount company. As I have indicated earlier, an assignment of the note and contract does not carry with it a claim for warranties broken unless an assignment was also received of the claim arising in favor of the assignor for the broken warranties. When the note and the contract were purchased by the plaintiff, the existing claim was not ipso facto purchased by or assigned to it. The agreement to repurchase, which is part of the contract relied on, is supplemental to and in implementation of the warranties, and is not itself a warranty. It may be regarded as an additional remedy, provided by the parties, to such remedies as are provided by law for the breach of the warranties. This special contract remedy, however, by its express terms, ran to the discount company only, and if the warranties do not run with the contract then the contract remedy likewise does not run with the contract. For, as I see it, the warranty involved here and all of the remedies available for its breach are inseparable.
The defendant’s motion for judgment on the pleadings dismissing the complaint is granted, with leave to the plaintiff to serve an amended complaint upon payment of costs to date within 20 days from the date of the service of a copy of the order hereon with notice of entry.
An order on each motion has been entered accordingly.