ESTATE OF TANTILLO: MITTELSTADT, Trustee in Bankruptcy, Appellant, v. TANTILLO and another, Respondents.

*April 2—April 28, 1964.*

20

22

For the appellant there was a brief and oral argument by *Russell J. Mittelstadt* of Madison.

For the respondents there was a brief and oral argument by *A. E. Simonson* of Madison. *Laurence W. Hall* of Madison also argued.

WILKIE, J. The only question before us in this case is whether the county court applied the proper test to determine the validity of the challenged assignments. The record will not support a conclusion that the assignments are tainted with legal fraud or fraud in fact under the Uniform Fraudulent Conveyance Act, ch. 242, Stats. Indeed, the trustee in bankruptcy does not argue that it will.

He argues that he was not required to show fraud in the transaction but only "vitiating circumstances," relying on *Hofmeister v. Hunter* (1939), 230 Wis. 81, 283 N. W. 330. That case involved the assignment of an expectancy. It was decided against the background of the historic reluctance of courts to enforce such assignments. See *Graef v. Kanouse* (1931), 205 Wis. 597, 238 N. W. 377.

But the assignment as it affects the bankrupt's interest in his father's estate is not before us. Here the bankrupt survived his mother. This was all that was necessary in order for his interest to vest under Article Sixth of her will. Vested or contingent, a future interest, as distinguished from a mere expectancy, is assignable under secs. 230.35 and 231.19, Stats. *Meyer v. Reif* (1935), 217 Wis. 11, 258 N. W. 391. See also Restatement, 2 Property, p. 601, sec. 163.

*By the Court.*—Judgment affirmed.

HALLOWS, J., dissents.