**In the Matter of Robert Herschel NICKS, Bankrupt.**

**Webber B. EARTHMAN, Trustee, Appellant,**

v.

**Robert Herschel NICKS et al., Appellees.**

**No. 16655.**

United States Court of Appeals
Sixth Circuit.

Oct. 6, 1966.

---

1. State v. Stubbs, 186 Kan. 266, 349 P.2d 936.

2. Stubbs v. Crouse, 192 Kan. 135, 386 P.2d 227.

3. State v. Stubbs, 195 Kan. 396, 407 P.2d 215.

W. Harold Bigham, Nashville, Tenn., for appellant, Gullett, Steele & Sanford, Nashville, Tenn., on brief.

Douglas M. Fisher, Nashville, Tenn., for appellee, J. B. White, Robert S. Clement, Dickson, Tenn., on brief.

M. Perry Nochlin, Nashville, Tenn., for appellee, Robert Herschel Nicks, Housholder, Nochlin, Cosner & Sutton, Nashville, Tenn., on brief.

Before EDWARDS and CELEBREZZE, Circuit Judges, and KALBFLEISCH,* District Judge.

KALBFLEISCH, District Judge:

This case arises out of the voluntary petition in bankruptcy filed in the United States District Court for the Middle District of Tennessee, Nashville Division, by Robert Herschel Nicks. The trustee in bankruptcy has appealed from an order entered by the District Court reversing the order of the referee in bankruptcy directing the trustee in bankruptcy to take steps to have certain timber cut for sale from land occupied by the bankrupt.

The relevant facts may be summarized briefly. The bankrupt's father, by a will probated in 1935, devised the land in question to the trustee of a spendthrift trust of which the bankrupt is the sole surviving beneficiary. The land devised to the trustee, now occupied by the bankrupt, has a large quantity of merchantable timber located thereon. Creditors of the bankrupt seek to reach this timber as a part of the bankrupt's assets. All parties agree that the trust was and remains a valid and active spendthrift trust. The dispute herein concerns interpretation of the meaning of the trust under Tennessee law.

The language of the will relied upon by appellant and the referee is as follows:

"These lands my Trustee shall hold in trust for my son Herschel during his natural life, except as hereinafter provided, allowing him full use and possession of said lands and the right to receive and use the income from said lands."

Appellee and the District Court relied upon this additional language:

"Said Trustee shall hold, manage, control, invest or reinvest, change investments at any time or from time to time, and all sales, reinvestments, investments and exchanges shall be made when, and in the manner, and upon such terms as Trustee in its judgment deems best without regard to any restrictions placed by the laws of Tennessee upon investment of trust funds."

The referee concluded that the bankrupt had a legal right to cut and sell timber growing on the trust land within the limits of good husbandry, and that within these limits the right was a transferable one passing from the bankrupt to the trustee in bankruptcy. The referee applied the rule of Thompson v. Thompson, 206 Tenn. 202, 332 S.W.2d 221 (1960), in which the Supreme Court of Tennessee held that a legal life tenant could cut timber within the limits of good husbandry without committing waste.

The District Court determined that the relationship of the equitable life beneficiary of the spendthrift trust to the testamentary trustee is not analogous to that of a legal life tenant to a legal remainderman in this respect. Relying upon the language of the Supreme Court of Tennessee in New River Lumber Co. v. Blue Ridge Lumber Co., 146 Tenn. 181, 240 S.W. 763 (1921), which said in part, "[S]tanding trees must be regarded as part of the realty," the District Judge held:

"The court is of the opinion that the language of this will both on its

---

* Honorable Girard E. Kalbfleisch, United States District Judge for the Northern District of Ohio, Eastern Division, sitting by designation.

face and as apparently interpreted by all concerned for nearly thirty years, gave the bankrupt no right to cut timber until allowed to do so by the testamentary trustee."

In the light of the foregoing, we must agree with the District Judge that the bankrupt has no right to cut and sell timber from the trust land in the interests of good husbandry or otherwise. The trustee in bankruptcy can succeed only to the rights of the bankrupt.

Accordingly, the decision of the District Court is affirmed.