**In re Melvin Fred MENDENHALL, doing business as Mendenhall Logging, Bankrupt.**

**Bankruptcy No. 79–00732.**

United States Bankruptcy Court, D. Oregon.

April 14, 1980.

Albert C. Radcliffe, Eugene, Or., for trustee.

Darryl E. Johnson, Roseburg, Or., for bankrupt.

## OPINION

MICHAEL R. HOGAN, Bankruptcy Judge.

Melvin Fred Mendenhall, the bankrupt, participated in a prototype Keogh pension plan prior to filing a voluntary bankruptcy petition. This court issued an Order denying his claim of exemption to the funds contributed to the plan and later allowed the bankrupt to submit authority in support of setting that Order aside and allowing the exemption. The bankrupt now offers the following three grounds in support of his position.

1. The Keogh plan is not "property" of the estate for purposes of the Federal Bankruptcy Act.

2. The Keogh plan is exempt under Oregon law.

3. The Keogh plan is exempt under 11 U.S.C. § 522(d)(10)(E).

■ The bankrupt cites 11 U.S.C. § 541 for the proposition that the funds in the Keogh plan account are not property of the estate. 11 U.S.C. § 541 is not applicable to this case. The determination whether the funds are part of the estate is governed by the Bankruptcy Act in force at the time bankruptcy was filed. Mendenhall filed his bankruptcy petition on March 29, 1979; the Bankruptcy Code, of which 11 U.S.C. § 541 is a part, did not take effect until October 1, 1979. Therefore, the applicable statute is 11 U.S.C. § 110(a), Bankruptcy Act § 70(a).

Section 70(a) provides:

"The trustee of the estate of a bankrupt . . . shall . . . be vested by the operation of law with the title of the bankrupt as of the date of the filing of the petition . . . except insofar as it is to property which is held to be exempt, to all of the following kinds of property wherever located . . . (5)

property, including rights of action, which prior to the filing of the petition he could by any means have transferred or which might have been levied upon and sold under judicial process against him, or otherwise seized, impounded, or sequestered . . . ."

■ The purpose of § 70(a)(5) reflects a dual purpose of securing for creditors everything of value the bankrupt may possess tempered by a Congressional intent to leave the bankrupt free to make an unencumbered fresh start after bankruptcy. *Segal v. Rochelle*, 382 U.S. 375, 86 S.Ct. 511, 15 L.Ed.2d 428 (1966). Whether a particular asset is property under the Act depends on an analysis of the nature of the asset in light of this dual policy. *Kokoszka v. Belford*, 417 U.S. 642, 94 S.Ct. 2431, 41 L.Ed.2d 374 (1974).

■ *In re Macy*, 4 B.C.D. 94 (D.Or. 1978), held that money contributed to an Individual Retirement Account (IRA) was property for purposes of § 70 (a)(5). The court reasoned that the nature of an Individual Retirement Account (IRA) is similar to that of a conventional savings account because of the control retained over the funds contributed. A conventional savings account is property which passes to the trustee. *Kokoszka v. Belford, supra*. The court concluded that because IRA funds, like funds in a conventional savings account, may be withdrawn at any time and may be used for any purpose, the IRA constituted property for the purposes of § 70(a)(5). The Keogh plan in the case at bar provides for withdrawal of contributed funds at any time [Section 3.5] and accordingly should be considered property for the purposes of § 70(a)(5).

The bankrupt contends that the provisions of Section 10.5 and Section 4.3 of the Keogh Trust Agreement [1] in the case at bar

---

1. "Section 10.5. *Assignments and Loans.* The right of any participant or beneficiary to any benefit or to any payment hereunder or to any separate account shall not be subject to alienation or assignment, nor shall any loans be made under the Plan on the basis of any account held on behalf of a participant."

"Section 4.3. *Interest Nonassignable.* Except as otherwise required by applicable law, no right or interest of any person in the trust fund or under the Plan and no money or other property payable or distributable under the provisions of the Trust and Plan shall (a) be pledged, assigned, transferred, sold or in any manner

sufficiently restrict the alienation and assignability of the funds to qualify the account for exemption. Therefore it remains to be decided whether the account is property which could have been transferred prior to the filing of bankruptcy.

*Segal v. Rochelle, supra,* concerned loss carryover tax refunds owed to the bankrupt. Any transfer of the refund claim by the bankrupt prior to the filing of bankruptcy would have been "absolutely null and void" under 31 U.S.C. § 203. *Id.* at 382. Nevertheless, the court held the refund transferable for purposes of § 70(a)(5). The court reasoned that although a transfer or assignment could not have been enforced against the United States, an assignment would have been enforced against the assignor in favor of an assignee in an equity action in the applicable state court. *Id.* at 384.

*In re Jenkins,* 2 B.C.D. 1697 (W.D.Pa. 1977), concerned a bankrupt employed by the city of Erie (City), Pennsylvania, who had contributed to the City's pension plan. Under the plan, the right to retirement allowance vested after twelve years of contribution. If an employee terminated employment with the City before working twelve years, all funds contributed were returned. Employees could not withdraw funds from the plan while employed by the City, and the plan expressly provided that compensation contributed to the fund was nonassignable and nontransferable. The bankrupt had been employed by the City for five years at the time he filed for bankruptcy. The issue before the court was whether the bankrupt could have assigned his interest in the pension plan prior to the time of filing for bankruptcy. Since the funds would only become accessible if the bankrupt terminated employment, the court inquired whether Pennsylvania law allowed assignment of contingent or other future interests. Answering in the affirmative, the court held the interest assignable. The court recognized that the bankrupt could not have been forced to terminate employment in order to make the contributed funds available to the trustee and that the contingent event in the assignment was under the exclusive control of the bankrupt. The issue involved the assignability of an interest, not the power of a court to compel the happening of a contingent event. The court held that so long as a refund of contributions was possible, the interest in those funds was assignable under state law and the property was assignable for purposes of § 70(a)(5).

In the Keogh Trust Agreement in the case at bar, funds held in the trust are not subject to assignment. As in *Jenkins,* access to the funds can only be obtained if the holder withdraws the funds from the account. Any assignment of an interest therein would necessarily be an assignment of a contingent future interest under the exclusive control of the bankrupt. Therefore, if Oregon law would allow such an assignment, the Keogh plan funds are transferable for the purposes of § 70(a)(5).

■ Whether property could have been transferred for the purposes of § 70(a)(5) is determined by state law. *Segal v. Rochelle, supra.* A review of Oregon law reveals that there are no statutes or cases which address the issue of the assignability of contingent future interests.

■ Under the Erie Doctrine, state law as announced by the highest court of the state is to be followed by the federal court and if there is no decision by that court then the federal court may apply what they find to be the state law after giving proper regard to other courts of the state. *Commissioner of Internal Revenue v. Estate of*

whatsoever anticipated, charged or encumbered by any participant or beneficiary; (b) be liable in any manner in the possession of the Trustee for the debts, obligations or liabilities of any participant or beneficiary; or (c) be liable for any claim (legal, equitable or otherwise) against any participant or beneficiary, including claims for alimony or for the spouse or for the support of any spouse. Each distribution, transfer or payment of any part of the trust fund by the trustee shall be made to the person entitled thereto (or in the event of such person's legal disability then to his legal representatives) free of anticipation or alienation, voluntary or involuntary."

*Bosch,* 387 U.S. 456, 87 S.Ct. 1776, 18 L.Ed.2d 886 (1967); *Owens v. White,* 380 F.2d 310 (9th Cir. 1967); *Edwards v. American Home Assurance Co.,* 361 F.2d 622 (9th Cir. 1966). If there are no holdings from state courts on the matter that the federal court is to decide, then the court must look to other indications of state law and is free to consider all the data the highest court of the state would use in determining how the highest court of the state would decide. *Summers v. Wallace Hospital,* 276 F.2d 831 (9th Cir. 1960); see generally, *Wright,* Law of Federal Courts, 2d ed., § 58, p. 239 (1970).

■ In vicariously creating state law for a state, the federal court may look to such sources as the Restatement of Laws, treatises and law review commentary, the "majority rule" *Wright, supra id.,* and utilize the same methodology that would be employed by the state court itself if confronted with the question, *First National Life Ins. Co. v. Fidelity & Deposit Co. of Maryland,* 525 F.2d 969 (5th Cir. 1967).

Other states which have passed on the question have upheld the validity of assignments of future or contingent interests, either by statute or judicial interpretation.[2]

■ I find that an Oregon court would uphold the validity of the assignment of a contingent future interest under the facts of the case at bar.

Therefore, the order denying exemption of the bankrupt's Keogh account should not be set aside on the basis of § 70(a)(5). Denying exemption status to the Keogh funds in the case at bar is consistent with the holding in *Mace, supra,* where the court held the IRA nonexempt without discussing the transferability issue.

The bankrupts reliance on *Danning v. Lederer,* 232 F.2d 610 (7th Cir. 1956); *In re Nicks,* 366 F.2d 754 (1966); and *Avant v. U.*

*S.,* 165 F.Supp. 802 (E.D.Virginia 1958), is misplaced. Those cases are distinguishable in that they address the issue of trusts containing Spendthrift clauses, which are a valid restraint on the transferability of an interest. The Keogh plan at issue in the case at bar contains no Spendthrift clause.

■ The bankrupt claims the Keogh plan is exempt under O.R.S. 23.170. The only authority cited is *In re Ferwerda,* 424 F.2d 1131 (5th Cir. 1970). In *Ferwerda,* the court interpreted a Wisconsin statute which exempted, "any trust created by an employer as part of a retirement or pension plan . . . for the exclusive benefit of some or all of his employees . . . ." The court held the bankrupt's Keogh plan nonexempt because there was no employer-employee relationship in which a trust could be exempt under the Wisconsin statute.

O.R.S. 23.170 is subject to the same construction as *Ferwerda* placed on the Wisconsin statute. O.R.S. 23.170 states that ". . . pensions granted to any person in recognition by reason of a period of employment by . . . any . . . person, partnership, association or corporation, shall be exempt from execution . . ." The use of "any" "person" in O.R.S. 23.170 does not include a Keogh plan because, like the Wisconsin statute, it specifically requires that an employment relationship must be established. This issue was discussed in *In re Mace, supra.* The court held that under O.R.S. 23.170, the "person" granted the pension must be different from the "person" granting the pension in order for it to be exempt from passing to the trustee in bankruptcy. Accordingly, the bankrupt's Keogh plan funds are nonexempt under Oregon law.

■ The bankrupt contends that his Keogh plan funds are entitled to exempt status based upon 11 U.S.C. § 522(d)(10)(E).

---

2. *In re Donley,* 242 F.Supp. 403 (D.Mo.1965) (Future interest assignable in Missouri.); *H. S. Mann Corp. v. Moody,* 301 P.2d 28 (Cal.App. 1956) (Equity will uphold assignments not valid at law of any future interest.); *Johnson v. Johnson,* 213 Ga. 466, 99 S.E.2d 827 (Ga.1957); *Pennsylvania Exchange Bank v. Lasko,* 159 N.Y.S.2d 429 (1957) (Conditional right not in-

capable of assignment.); *Jernigan v. Lee,* 279 N.C. 341, 182 S.E.2d 351 (1971) (Contingent interests may be assigned.); *In re Fader Motor Co.,* 245 A.2d 156 (Del.Ch.1968) (Equity will support assignment of fund not yet in existence.); *In re Tantillo's Trust Estate,* 24 Wis.2d 19, 127 N.W.2d 798 (1964) (Contingent future interest assignable by statute.).

Section 522(d)(10)(E) is part of the Bankruptcy Code which was enacted after the bankruptcy petition was filed in this case and therefore is not applicable. Furthermore, I find that the Keogh plan is not a "payment under a stock bonus, pension, profit-sharing, annuity, or similar plan or contract on account of illness, disability, death, age, or length of service".

Based upon all of the foregoing, the bankrupt's Keogh plan is not exempt and the order denying exemption will not be set aside.

This opinion constitutes findings of fact and conclusions of law under Bankruptcy Rule 752.