711 F.2d 21
 8 Collier Bankr.Cas.2d 1133, 10 Bankr.Ct.Dec. 968,
Bankr. L. Rep. P 69,260,
4 Employee Benefits Cas. 1701
 In re Robert H. CLARK, Debtor.
Robert H. CLARK
v.
Thomas J. O'NEILL, as Trustee.
Robert H. Clark, Appellant.
 No. 82-5838.
 United States Court of Appeals,
Third Circuit.
 Argued May 31, 1983.
Decided June 29, 1983.
 
 Theodore Sager Meth (argued), Meth & Bausch, Westfield, N.J., for debtor/appellant.
 Thomas J. O'Neill, Corrinne M. DeStefano (argued), Nolan, O'Neill & Moore, Newark, N.J., for Thomas J. O'Neill, Interim Trustee.
 Before GIBBONS, BECKER, Circuit Judges and WEBER,* District Judge.
 OPINION OF THE COURT
 GIBBONS, Circuit Judge.
 
 
 1
 Robert H. Clark, a discharged bankrupt, appeals from a final order of the Bankruptcy Court for the District of New Jersey denying his claim for exemption under 11 U.S.C. § 522(d)(10)(E)(Supp. V 1981) of $17,466 in his Keogh retirement plan.[1] The appeal is to this court by agreement of the parties. 28 U.S.C. § 1293(b). We affirm.
 
 
 2
 On September 18, 1981 Clark, a 43-year old licensed family therapist, filed a Chapter 7 petition in bankruptcy and claimed an exemption for his Keogh retirement plan. Contributions to such plan are tax-deductible, and income tax on the fund and its earnings is deferred until withdrawn. Funds may be withdrawn when a participant becomes 59 1/2, dies, or is disabled. If funds are withdrawn before these events, the participant must pay a penalty tax of 10% in addition to regular income taxes, and is barred from making contributions to the plan for five years.
 
 
 3
 Thomas J. O'Neill, the interim trustee, filed an objection to the claimed exemption, and Clark filed a complaint against the trustee seeking a denial of the objection. The bankruptcy court noted that the case involved only the issue of exemption under section 522(d)(10)(E); not whether the fund was property of the bankruptcy estate, or whether it was exempt as a matter of state law. The court agreed with the trustee that because Clark had no present right to receive payments from the plan, his exemption claim did not fall within the literal terms of section 522(d)(10)(E).
 
 
 4
 The general purpose of the exemption provisions of the Bankruptcy Code is to give debtors a fresh start. As noted in the House Report on H.R. 8200:
 
 
 5
 The historical purpose of [ ] exemption laws has been to protect a debtor from his creditors, to provide him with the basic necessities of life so that even if his creditors levy on all of his nonexempt property, the debtor will not be left destitute and a public charge. [This] purpose has not changed....
 
 
 6
 H.R.Rep. No. 595, 95th Cong., 1st Sess. 126 (1977), reprinted in 1978 U.S.Code Cong. & Ad.News, 5787, 5963, 6087. The exemption of present Keogh payments, to the extent they are necessary for the support of the debtor, is consistent with this goal. The exemption of future payments, however, demonstrates a concern for the debtor's long-term security which is absent from the statute.
 
 
 7
 The result of denying the exemption with respect to future payments is in accord with the caselaw. The authority of In re Mendenhall, 4 B.R. 127 (Bkrtcy.D.Or.1980), and In re Clark, 18 B.R. 824 (Bkrtcy.E.D.Tenn.1982), is perhaps subject to challenge since the former was determined under § 70a of the preceding Bankruptcy Act[2] and the latter was decided on alternative state and federal exemption grounds. The court in Matter of Kochell, 26 B.R. 86 (Bkrtcy.W.D.Wis.1982), however, squarely faced the issue of whether section 522(d)(10)(E) exempts pension plans themselves rather than present payments. The Kochell court agreed that the underlying purpose of the section was to alleviate present rather than long-term need, a condition which the 44-year old debtor, a doctor in apparent good health, could not demonstrate. Cf. In re Donaghy, 11 B.R. 677 (Bkrtcy.S.D.N.Y.1981) (lump sum disbursement under pension plan is exempt as equivalent to right to receive payment); Matter of Taff, 10 B.R. 101 (Bkrtcy.D.Conn.1981) (retiree's pension is exempt only to extent necessary to meet basic needs).
 
 
 8
 Clark's alternative argument, that the income which accrued from the Keogh plan subsequent to the filing of the bankruptcy petition is exempt regardless of the nonexempt status of the plan, must also be rejected. As noted by the trustee, 11 U.S.C. § 541(a)(6) requires the inclusion of such income as property of the estate. Likewise, 11 U.S.C. § 522(d)(11)(E) does not exempt future earnings but payments "in compensation for the loss of future earnings." Whatever the "equitable" considerations to which Clark refers, Clark Brief at 18-19, we cannot ignore the fact that his right to an exemption is governed by statute, and that none of the statutory exemption provisions apply to the income from the plan.
 
 
 9
 The judgment appealed from will be affirmed.
 
 
 10
 BECKER, Circuit Judge, concurring.
 
 
 11
 I agree with the majority that Clark is not entitled to an exemption for his Keogh retirement plan, but I rely on grounds different from the majority's.
 
 
 12
 The majority concludes that "[t]he exemption of future payments ... demonstrates a concern for the debtor's long-term security which is absent from the statute." I have substantial doubts that the majority has correctly assessed congressional intent, for the distinction required by the majority's reasoning effectively penalizes self-employed individuals for the form in which their retirement assets are held. The majority's holding will not affect employee pension and annuity plans created by employers, because the assets of such plans would not be included in the debtor's estate under section 541, and thus cannot be reached by the trustee. The assets of a Keogh plan, in contrast, are clearly assets of the estate.[1] Thus Congress' putative lack of concern for the long-term security of the debtor works to the detriment only of self-employed debtors--a result I find inconsistent with Congress' manifest solicitude for retirement benefits for self-employed individuals.
 
 
 13
 In light of this inconsistency, it seems to me equally plausible to infer a congressional intent to encompass all retirement plans of whatever form. Section 522(d)(10)(E) exempts the debtor's right to receive payments "under a stock bonus, pension, profitsharing, annuity, or similar plan or contract on account of illness, disability, death, age, or length of service...." (Emphasis added). A Keogh plan would seem to be "similar" to a pension or annuity plan, payments under both of which are exempt under this statute although they presumably represent long-term security arrangements.
 
 
 14
 To be sure, there is evidence in the legislative history suggesting that Congress intended not to exempt the assets of a Keogh plan. As the bankruptcy court noted, the original model for section 522 exemptions was the Uniform Exemption Act § 6, promulgated by the National Conference of Commissioners on Uniform State Laws. Although the relevant portion of section 6 exempted all "assets held, payments made, and amounts payable ..." under the relevant plans, Congress narrowed the language in section 522(d)(10)(E) to include only "[t]he right to receive payments" under the relevant plans.[2] The bankruptcy court concluded that Congress intended this narrower language to preclude the exemption of assets held under Keogh retirement plans. Unfortunately, the bankruptcy court's analysis would seem to foreclose exemption of Keogh assets even if a debtor's right to receive payment had vested because he or she had reached retirement age. I would find that result even more troubling than the majority's.
 
 
 15
 Although the bankruptcy court's discussion provides some evidence of congressional intent, it is not the strongest of evidence--there is nothing but the fact of the difference in language to go on. The legislative history nowhere discusses the changes made or their intended impact. I would thus be reluctant to rely on this inference of intent, given the incongruity of the result for different retirement plans.
 
 
 16
 The appropriate resolution of these issues is thus far from clear.[3] In my view, however, it is not necessary for this court to resolve them here, for there is a narrower and surer ground upon we can decide this case.
 
 
 17
 Section 6.2 of appellant's Keogh plan, sponsored by Merrill, Lynch, Pierce, Fenner & Smith, provides that "[t]he Plan shall terminate ... if the Employer judicially is declared insolvent." Section 6.5 provides that "[u]pon termination of the Plan for any of the reasons set forth in Article 6.2 ... no further contributions shall be made ... and the Custodian shall make distributions of all Benefits to the Participants." Thus, upon his adjudication as a bankrupt, Clark's Keogh plan terminated. The funds either have been or are to be distributed, and Clark palpably has no right to receive payment under any plan on account of illness, disability, death, age or length of service. Under these circumstances, Clark was not entitled to an exemption. I therefore concur in the judgment of the Court.
 
 
 
 *
 Hon. Gerald J. Weber, United States District Judge for the Western District of Pennsylvania, sitting by designation
 
 
 [1]
 Section 522(d)(10)(E) provides:
 (d) The following property may be exempted under subsection (b)(1) of this section:
 * * *
 (10) The debtor's right to receive--
 * * *
 (E) a payment under a stock bonus, pension, profitsharing, annuity, or similar plan or contract on account of illness, disability, death, age, or length of service, to the extent reasonably necessary for the support of the debtor and any dependent of the debtor, unless--
 (i) such plan or contract was established by or under the auspices of an insider that employed the debtor at the time the debtor's rights under such plan or contract arose;
 (ii) such payment is on account of age or length of service; and
 (iii) such plan or contract does not qualify under section 401(a), 403(a), 403(b), 408, or 409 of the Internal Revenue Code of 1954 (26 U.S.C. 401(a), 403(a), 403(b), 408, or 409).
 
 
 [2]
 Under the Bankruptcy Act of 1898, a trustee was vested with the title of bankrupt except to the extent that such property was exempt under section 6 which recognized both federal and state nonbankruptcy exemptions. See 4A Collier on Bankruptcy p 70.08, at 99-100 (14th ed. 1978). The exemption of pension plans turned to a large extent on questions such as whether the debtor had a choate, vested interest in the fund or whether the state frowned on the immunity of spendthrift trusts created by a settlor for his own benefit. See, e.g., Plumb, The Recommendations of the Commission on Bankruptcy Laws, 61 Va.L.Rev. 1, 53-57 (1980). Thus the initial issue of title received more emphasis than the subsequent application of federal or state exemptions. Here, Clark concedes that the Keogh plan is property of the bankruptcy estate under the more expansive provisions of 11 U.S.C. § 541 (Supp. V 1981)
 
 
 [1]
 As I read the majority's opinion, no retirement or disability plan whose assets are included in the debtor's estate under section 541 would be exempt if the right to payment thereunder was a future right. This would presumably preclude exemption of the assets of Individual Retirement Accounts (IRA's) as well
 
 
 [2]
 The bankruptcy court noted as well that a second proposal before Congress, the Proposed Bankruptcy Act of the Commission on Bankruptcy Laws of the United States, also contained language that would have allowed exemption of Keogh assets. Section 4-503(c)(6) provided:
 (c) The following property shall be allowed as exempt....
 ....
 (6) before or after retirement, such rights as the debtor may have under a profitsharing, pension, stock bonus, annuity or similar plan which is established for the primary purpose of providing benefits upon retirement by reason of age, health, or length of service ... to the extent ... the debtor's interest therein is reasonably necessary for the support of the debtor and his dependents.
 This proposal, too, was rejected.
 
 
 [3]
 Perhaps Congress should focus its attention upon these matters; it may not have done so sufficiently when drafting the legislation